Otis v. Mechanics' Bank.

ALFRED G. OTIS, Plaintiff in Error, v. THE MECHANICS' BANK, Defendant in Error.

*Practice—Pleading—Misjoinder—Remedy.*—Where several similar causes of action are set forth in one petition, but not separately stated, the proper remedy is not by demurrer, but by motion to require the plaintiff to elect upon which cause he will proceed to trial, and to strike out the remaining causes of action thus improperly joined in one count.

*Error to St. Louis Court of Common Pleas.*

The respondent, an incorporated banking institution, issued and circulated as money notes of $5, $10, $20 and $50 each, payable on demand to bearer; and in 1859, one Henry Collier, in the course of trade through the branch of said bank at Weston and otherwise, became the owner and *bearer* of $3,685 of said notes, which, without fault on his part, were destroyed by fire. He made known his loss, tendered bond of indemnification, &c., to the bank, and demanded payment of said sum of money, which was refused.

Afterwards, for value, he assigned his claim or right of action to the plaintiff, who instituted suit to recover said sum of money. The petition for relief is based on two counts or statements; one on special facts and circumstances in nature of bill in equity; the other after the form of *indebitatus assumpsit* for money had and received, &c., equal to the sum of $3,685.

The defendant filed a demurrer, which was sustained.

*O. G. Cates*, for plaintiff in error.

I. Under our system of pleading, does the fact of one man being the owner of many bank notes, payable each on demand to bearer, create him a creditor for one indebtedness, with one right of action, or for many debts with separate rights of action ?

II. If an indebtedness is one thing, and evidence thereof a different matter, does the loss or destruction of the latter destroy the former ?

Bank notes, like all others, are nothing but evidence of indebtedness; and the loss or destruction of the notes does not disturb the relation of creditor and debtor. It may and does affect the proof, but not the indebtedness. This question of right of action for bank notes destroyed, although new and open in this State, has been decided in accordance with the above principles in New York, Maine, Kentucky, Illinois, and other States. (6 Ward. 378; 1 Aik. 50; 14 B. Mon. 306; 18 id. 310; 3 Scam. 135; 2 Wash. Cir. C. 172; 4 id. 253; see also cases cited in each.)

In answer to the question of consolidation of many debts into one indebtedness, we say: if it be true that bank notes are in law *quasi* money for all purposes except legal tender in payment (and of this there can be no doubt), each note becomes the representative of dollars and cents. Hence, the holder of one hundred one dollar notes is in fact and law a creditor of the bank for the sum of one hundred dollars, and not that number of debts; and as all wise and just legislation is based on the principle of preventing multiplied litigation instead of increasing it, there can be no reason under our system of pleading to require a statement of many separate causes of action where one would answer the same purpose. Such construction would violate the letter and spirit of each article of the code of practice. All that is required of a plaintiff, under the old or new system, is a concise, simple statement of facts, adapted to the relief prayed. (1 Chit.

Pl. 199, 200, 341 & 350; 19 Mo. 320, 140, 490 & 550; 9 How. Pr. 723; 10 id. 159; 12 id. 326; 14 id. 456; 7 Mo. 174; 1 Chit. Pl. 384; Steph. Pl. 318; 3 Black. Com. 154; 2 Sto. on Con. 549–56.)

But it may and will be urged, that, although many causes of action may be united in one petition, yet they must be stated in separate counts. What, then, is the common and legal sense meaning of a cause of action? It is nothing more nor less than the right of one person to petition a court of justice to enforce another to perform what otherwise was his duty to do. Whether or not the facts stated constitute a proper cause of complaint, or petition, is a question of law tested by the rules of right, justice and good conscience.

What is the cause of complaint made known in this case? It is, that the Mechanics' Bank, for value received, promised to pay Collier $3,685 on demand; and as the written evidence of such indebtedness is destroyed, the plaintiff, as assignee thereof, prays the court to be permitted to prove the indebtedness by secondary evidence. The cause of action is, in fact, the destruction of the notes, nothing more nor less.

*Lackland, Cline & Jamison,* for defendant in error.

The demurrer was rightfully sustained by the court, and there is no error on the record.

This is an action instituted upon lost bank bills, varying in denomination from ones to fifties, alleged to amount to the aggregate sum of $3,685, all conglomerated in a single count in the same petition, without attempting to set out or describe either of the bills or notes so alleged to have been lost or destroyed, and thereby failing to set up or show any cause of action whatever; so that, if the instruments or causes of action upon which this suit was brought were present or produced in court, the plaintiff could not recover. No cause of action is alleged as set forth in his petition; and this deficit under our code of practice was properly taken advantage of by demurrer, and final judgment was properly entered thereon.

Each bank bill must be fully, separately and distinctly set forth and described, according to its legal effect, in separate counts, as required by our code of practice. (2 Mo. 34; 33 Mo. 497; 7 Barb. 80; Hardin, 3; 4 Mich. 350; 19 Mo. 551.)

A pleading to be good by the settled rules of law, as established by our code of practice, must state all the necessary facts constituting a legal cause of action; and this should be set forth in a clear, certain, definite affirmation, and issuable manner, and according to its legal effect; the facts must be clearly placed by the allegations in a traversable manner.

Any number of facts constituting a single cause of action may be combined in a single count, but each cause of action must be separately stated in different counts. (Boyce v. Brown, 7 Barb. 80.) The proper mode of taking advantage of this error in the petition is by demurrer. (Peck v. Vanswenner, 5 How. Pr. 172; Benedict v. Sieman, 6 id. 301; Vanasme v. People, 9 id. 342; 9 id. 198; 9 id. 313; 9 id. 380; 9 id. 436.)

Suit on two or more notes cannot be blended in the same count; each constitutes a separate and distinct cause of action, and must be set forth and declared upon accordingly. (Lightfoot v. Rayton, Hardin 3; Mooney v. Kennett, 19 Mo. 551; Barns v. Holland, 2 Mo. 34; 4 Mich. 350; Boat. Sav. Ins. v. Bank of Mo. 33 Mo. 497.)

Judge BAY delivered the opinion of the court.

The Practice Act (§ 2, art. 6, R. C. 1855, p. 1228) reduces all causes of action to seven classes, and permits a plaintiff to unite in his petition as many causes belonging to the same class as he has, but requires the causes so to be united to be separately stated, with the relief sought for each cause of action, in such manner as that " they may be intelligibly distinguished." A petition containing two or more causes of action is therefore bad—1. Where the causes united belong to different classes; and, 2. Where, although the causes belong to the same class, they are not separately stated. The

petition in this case is subject to the latter objection; it unites many causes of action (each promissory note being a several cause), all arising out of contract, in one count; not basing, as the law contemplates, a separate count on each several promissory note on which a recovery is sought. (Mooney v. Kennett, 19 Mo. 551; Boyce v. Brown, 7 Barb. Sup. Ct. N. Y. 80.)

The petition being defective, the inquiry remains whether the fault is one which is the subject of demurrer. This is a question that has occupied the attention of the courts of New York no little in the construction of their code of practice, from which ours was borrowed; and although the course of decision in those courts has been by no means uniform, yet it seems at least to have become the settled doctrine there, that the fifth ground enumerated in the catalogue of causes for which a demurrer will lie, viz., "that several causes have been improperly united" (§ 6, art. VI.), has application to the union of incongruous causes of action, and not to the intermingling of causes of the same class in the same count, as in the case under consideration. (Robinson v. Judd, 9 How. Pr., N. Y., 378; Peckham v. Smith, id. 436; Moore v. Smith, 10 id. 361; Forsyth v. Edmiston, 11 id. 408; Waller v. Raskan, 12 id. 28; Dorman v. Kellam, 4 Ab. Pr., N. Y., 202; Phillips v. Gorham, 17 N. Y. 274.)

In the result thus arrived at we fully concur. The remedy for the defect in the petition is by motion, to require the party to elect one and strike out the remaining causes of action, thus improperly joined in one count. (Dorman v. Kellam, *supra;* Martin v. Kanouse, 11 How. Pr. 567.)

We are of opinion, therefore, that the Common Pleas committed error in sustaining the demurrer, and for this reason its judgment is reversed and the cause remanded. The plaintiff will be permitted to amend but in default of amending, the defendant will have leave to withdraw his demurrer and move for the reformation of the petition.

The other judges concur.