Christal v. Craig.

CHRISTAL v. CRAIG, *Appellant.*

1. **Pleading** : JOINDER OF DIFFERENT CAUSES OF ACTION : SLANDER. While under the code, in an action for slander, causes of action for words imputing to plaintiff the crimes of perjury, larceny and adultery may be united in the same petition, they should be separately stated, withthe relief sought for each cause of action.

2. ———— : MISJOINDER IN SAME COUNT : WAIVER. Where such causes of action are joined in the same count of the petition, and defendant does not move for a rule requiring plaintiff to elect, the objection of such misjoinder is waived.

3. **Several Causes of Action** : GENERAL VERDICT. But if one or more of the causes of action thus united in the same count be fatally defective for failure of sufficient statement of facts to constitute a

80   367
34a  110
34a  323

80   367
103  569
44a   32

80   367
107  601

80   367
51a  111
51a  129

80   367
114  432
117  438
54a  559

80   367
64a  471

80   367
79a  532

80   367
87a  631

80   367
95a  8648

cause of action, a general verdict is erroneous as to all of the causes of action.

4. **Pleading**: SLANDER. The statement of a cause of action for slander, for words imputing to a woman the crime of adultery, should contain an averment of her coverture, and in the absence of such averment, no instruction should be given as to said cause of action.

5. **Slander**: PLEADING : EXPLANATORY AVERMENTS. The words " You have took my pocket book and money, and have got it there in your bucket," are not actionable *per se*, and in an action for slander therefor the petition must contain explanatory averments showing their application and the imputation intended to be conveyed thereby.

6. ———— : VARIANCE. In an action for slander, it is not sufficient that the offense proved be equivalent to or substantially the one alleged ; the phraseology must be the same.

7. **Pleading, Code**: AD DUMNUM CLAUSE. Under the code, a petition is not defective because it does not contain an *ad damnum* clause ; it is sufficient in this respect if it contains a prayer for judgment for the damages demanded.

8. **Evidence**: REBUTTAL : ADMITTING EVIDENCE OUT OF ITS ORDER. Evidence proper to be offered in chief, should not be admitted under the semblance of evidence in rebuttal, and while trial courts have a discretion in admitting evidence out of its regular order, such discretion is not an arbitrary one, but is judicial in its character and only to be exercised in the furtherance of justice.

9. **Slander**: EVIDENCE. Proof of the repetition of the slander alleged, after the time of the utterance, may be given in aggravation of damages as showing the *quo animo*, but evidence which is neither within the allegations of the petition nor rebuttal in its character, is not admissible.

10. ———— : VARIANCE. An instruction in an action for slander, that if the words proved have the same sense as those alleged, there is no variance, is erroneous.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Dysart & Mitchell* for appellant.

The petition is fatally defective in having no *ad damnum* clause. R. S. 1879, §§ 3511, 3512; *Devean v. Skidmore*, 19 Am. Law Reg. 784; *Brownson v. Wallace*, 4 Blatch. 465;

*Bumpass v. Webb,* 3 Ala. 109. Plaintiff's third instruction was erroneous. Bliss on Plead., § 305; *Dyer v. Morris,* 4 Mo. 214; *Curry v. Collins,* 37 Mo. 324; *Rammell v. Otis,* 60 Mo. 365; *Hall v. Adkins,* 59 Mo. 144. Plaintiff's fourth instruction was also misleading and improper. *Berry v. Dryden,* 7 Mo. 324: *Birch v. Benton,* 26 Mo. 153.

*Berry & Thompson* for respondent.

There is no misjoinder of causes in the petition. It states but a single cause of action. *Pennington v. Meeks,* 46 Mo. 217; *Palson v. See,* 54 Mo. 291. If there was an improper joinder of several causes of action in the same count, the remedy was by motion to elect. *Mulholland v. Rapp,* 50 Mo. 42. A petition is not fatally defective because inartistically drawn. *State v. Carroll,* 63 Mo. 156. All slanderous words uttered in the same conversation are admissible in evidence. *Pennington v. Meeks,* 46 Mo. 217. The petition sufficiently alleges that plaintiff was damaged. *Bowie v. Kansas City,* 51 Mo. 454; *Yeates v. Reed,* 32 Am. Dec. 42.

PHILIPS, C.—This is an action for slander. The petition contains but one count, though it sets out several distinct causes of action. The first assignment of words spoken is: "You and your mob all swore to lies in the probate court at Macon in my suit against the estate. You and John, Lin and Martha all swore to a lie in that case." The second averment is: "Your son Lin has no father. He never did have any. He don't belong to the Christal family. He is not Stewart Christal's child." Third: "You tied horses on the railroad to get them killed, and you got the benefit of it, and you know you did." Fourth: "You have been all over my place at night, and in my smoke-house pilfering; you have been in my smoke-house a dozen times after night." Fifth: "You let your husband starve to death for want of something to eat." Sixth: "You have took my pocket-book and money, and got it there in your bucket." To all of which there was the general averment:

"He, the defendant, thereby meaning to charge plaintiff with being guilty of the henious crimes of perjury, larceny and adultery." There was no *ad damnum* clause to the petition, but the following prayer at the conclusion of the petition: "Wherefore plaintiff prays judgment against the defendant for the sum of $5,000, for costs," etc. The answer was a general denial.

At the trial the defendant objected to the introduction of any evidence, for the reasons that the petition did not state facts sufficient to constitute a cause of action, because it mingled in one and the same count several distinct causes of action, and because no damages are alleged in the petition. The court overruled the objection. Defendant then asked the court to exclude all testimony on the charge of perjury, for tying horses on the railroad track, and for starving plaintiff's husband, for the reason that the charges are not so pleaded as to constitute any cause of action. This request the court likewise refused. The testimony and instructions in the case will, so far as may be needful, be noticed in the proper connection in the course of this opinion. The jury returned a verdict for plaintiff in the sum of $500, and judgment was rendered accordingly. From this judgment the defendant has appealed to this court.

I. The petition in this case is bad pleading. It is true, as contended for by respondent, that the same slander may be stated many times, and in different forms in the same count. But I apprehend it will be found on examination of the cases, that the words or utterances thus grouped together in one count, after all, constitute but one substantive offense. The case of *Pennington v. Meeks*, 46 Mo. 217, referred to by counsel, related solely to one offense, the alleged stealing of a hog. So in the case of *Birch v. Benton*, 26 Mo. 153, there was really but one actionable speaking alleged, though in different phraseology. The only actionable words alleged were those charging the defendant with adultery. But this petition contains averments in the

same count imputing the crimes of perjury, larceny and adultery. Each of these is a distinct offense for which action might be laid separately. The matter of defense to each might be distinct, and I am of opinion that under the code, while they might all be united in the same petition, they should be separately stated with the relief sought for each cause of action. R. S. 1879, § 3512. Bliss on Plead., § 125; *Pike v. Van Wormer*, 5 How. Pr. 171. But is the appellant in a condition to take advantage of the alleged defect? His remedy was clearly to have moved the court for a rule on plaintiff to elect on which cause of action he would go to trial, and to strike out the others. *Mooney v. Kennett*, 19 Mo. 551; *Otis v. Mechanics' Bank*, 35 Mo. 128. Having failed to make such motion, the defect of misjoinder is waived. But does the defendant waive anything more? Suppose the fact be in this case that among the causes thus united in the same count, one or more be bad for failure of a sufficient statement, and there is a general verdict on all the causes, would the verdict and judgment be upheld? The rule is well settled that where the petition contains several causes of action stated in separate counts, if one of the counts be bad for insufficiency in statement, a general verdict for plaintiff on all the counts will not be sustained. *Brownell v. P. R. R. Co.*, 47 Mo. 243, and authorities cited. On principle it must obtain that where the several causes of action are united in one count, and the case is tried on all, and a simple verdict and assessment of damages in favor of the plaintiff, if one or more of the causes of action assigned be bad, so as not to support the verdict, the verdict must be bad as to all. How is it possible for the court to tell whether the jury took one or all the alleged slanderous words into their estimation? How much proof of the imperfect cause, and how much on the good, did the jury consider? Was it the fact proved touching the bad count that influenced the verdict, and if so, to what extent? Would the jury have given any damages of moment on account of the words properly alleged in the

petition, without proof of the others ?   These are difficulties and complications incident to the violation of the rules of good pleading, which suggested themselves to the mind of Judge Scott in *Mooney v. Kennett*, 19 Mo. 553.   He clearly indicated the inclination of his mind to the construction we here suggest.

The court below gave, on behalf of plaintiff the following instruction :

3.   " If the jury believe from the evidence that the defendant, at the time and place and manner charged, spoke of and concerning plaintiff the following words :   ' Your son Lin has no father.   He never did have any.   He don't belong to the Christal family.   He is not Stewart Christal's child,' thereby intending to charge plaintiff with adultery. Or, ' You have been all over my place after night, and in my smoke-house pilfering.   You have been in my smoke-house a dozen times after night.'   Or, ' You have took my pocket book and money, and have got it there in your bucket,' intending at the time to charge plaintiff with the crime of larceny, then the jury should find for the plaintiff and assess her damages at any sum not exceeding $5,000."

The first of the charges, it is observed, is that of adultery.   Are the facts stated sufficient to constitute the offense ? Section 2120, Revised Statutes, makes it actionable to publish falsely that any person has been guilty of adultery. The term " adultery " is employed in this statute in its common law sense or its ordinary acceptation.   For the plaintiff, a woman, to be guilty of this offense she must have been married at the time.   Abbott's Law Dic., title "Adultery ;" 1 Bouvier's Dic., title "Adultery."   It is not averred in the petition that the plaintiff was a married woman at the time the child Lin was begotten, or at any other time, nor is there enough averred to legitimately authorize the inference.   Unquestionably at common law there should have been a *colloquium* averring her coverture, or the birth of the child in lawful wedlock.   Has the statute in any wise obviated or modified the rule ?   Section 3552, Revised Stat-

utes, declares that : "In the action for slander it shall not be necessary to state in the petition any extrinsic facts, for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state generally, that the same was published or spoken concerning the plaintiff." This provision, however, dispenses with the employment of the *colloquium* only so far as it shows " that the defamatory words applied to the plaintiff," and goes no further. "All the averments necessary in common law pleading to show the meaning of the words must still be made." Bliss Plead., § 305. The change made by the statute in the rule of pleading in this respect, is not to require a statement of the extrinsic facts showing the application of the words to the plaintiff. But the extrinsic facts, when not embraced in the imputed words to show their meaning and the character of the person to whom applied, must still be stated as at common law. *Fry v. Bennett*, 5 Sandf. 54; *Pike v. Van Wormer*, 5 How. Pr., *supra; Curry v. Collins*, 37 Mo. 328, 329. But it is said the *innuendo* supplies the defect, in that it says : " Meaning he was not a child of plaintiff's husband." The office of the *innuendo* is simply to apply the words. It is never a substitute for an averment. It is not the statement of a fact, but an inference. Being merely explanatory in its function, the only question raised by it is, whether the explanation given be a legitimate deduction from the fact stated. Authorities cited, *supra; Birch v. Benton*, 26 Mo. 154; *Bundy v. Hart*, 46 Mo. 464. This issue, therefore, was improperly submitted to the jury, and the instruction in that respect was erroneous.

II. Another charge made in the petition, and submitted by the court to the jury is : " You have took my pocket-book and money, and have got it there in your bucket." We do not think these words actionable *per se*, without some explanatory averment showing their application. If they were intended and understood to impute the crime of larceny, they would be actionable *per se*. But

the question of pleading is, do they, on their face, without more, convey such imputation? To say you have my pocket-book or money in your bucket, does not necessarily or legally imply its theft. The party might reasonably have so taken it under claim of right, or through mistake or in sport.

This question is well considered in *Andrews v. Woodmansee*, 15 Wend. 232. The charge was forgery. The language, *inter alia*, was: " You have got a note with my handwriting to it. I never signed a note with Andrews. I never put my name to that note, nor gave him liberty to do it in God's world." The words were followed by appropriate *innuendos*. The declaration was held to be bad for the lack of the extrinsic explanatory matter. The court say: " The conclusion does not follow from the words. Supposing them to be true, the defendant may still have authorized some third person to subscribe his name to the note, or if it be a forgery, the plaintiff may have passed it to Francher without any knowledge of that fact. If the words can be rendered actionable, it cannot be done without some further averment, either about the occasion or manner of speaking them, or the intent with which they were uttered." The doctrine of that case is affirmed in *Curry v. Collins, supra*. Aside from this, the words laid in the declaration in respect of the pocket-book and money, were not sustained by the proof. The charge is: " You have took my pocket-book and money," etc. The testimony most approximating the language is that of the plaintiff herself. Her version is: " You have got $35 or $40 in your bucket you have stole from me." " Yes, you have got it right there in your bucket." Manifestly these are not the actionable words laid, nor indeed, the substance of them. The offense proved may be equivalent to that alleged, but this is not sufficient. Though the charge be substantially the same, yet if in different phraseology it will not support the action. *Berry v. Dryden,* 7 Mo. 324; *Birch v. Benton, supra,* 161, 162. In

fact it is very questionable whether any of the charges were sustained in legal strictness by the proofs.

III. It is further assigned for error that the petition is radically defective in that it contains no *ad damnum* clause. Under the old system of pleading, it was perhaps, prerequisite to a judgment that the declaration should contain an allegation that the complainant had thereby been damaged, with a prayer for judgment therefor. *Deveau v. Skidmore*, 47 Conn. 19; *Brownson v. Wallace*, 4 Blatch. 465, But we incline to the opinion that under our code of practice, the petition in this respect is sufficient. Section 3511, Revised Statutes, requires, " a plain and concise statement of the facts, etc., with a demand of the relief to which the plaintiff may suppose himself entitled." The amount of damages is ascertainable from the facts alleged, and the plaintiff's estimate of them appears from the prayer. This view is supported by Wait's Practice, vol. 2, p. 387.

IV. The action of the court is complained of in the time of admitting certain testimony, and the character of the testimony. After the plaintiff had rested in chief, and the defendant had closed his testimony, under the semblance of evidence in rebuttal, the plaintiff was permitted to introduce several other witnesses, who testified to various conversations with the defendant, touching what he had said to the plaintiff at the time of uttering the alleged slanderous words. This was not admissible as matter in rebuttal. Evidence in rebuttal is such as tends to disprove " new points first opened by the defendant," and should be accordingly so limited. Trial courts have a discretion in admitting evidence out of the regular order, and even after the case is announced closed on both sides. But this is not an arbitrary discretion. It is essentially judicial, not to be exercised except in the furtherance of justice, as where the party satisfies the court that the omission to introduce the evidence in its proper place and time is the result of mistake or oversight, and then to be admitted only where it will not work surprise and injustice to the opposite party.

*Tiernly v. Spiva*, 76 Mo. 279. One of the witnesses thus introduced in rebuttal was permitted to testify that defendant at one time told him that he (defendant) told plaintiff, " that she and her sons stole sacks of corn from the train on the railroad." " That she had whipped her daughter and made her sleep with a man, and she had to go to St. Louis to have a child, a bastard child." This evidence was incompetent, no matter when offered. It was not rebuttal in its character, nor was it within the allegations of the petition. Proof of the repetition of the slander alleged, may be given after the time of the alleged utterance in aggravation of damages as showing the *quo animo*. There are authorities supporting the right to introduce distinct utterances of slanderous words for the same purpose. But we are satisfied that neither our system of pleading nor the proper regard for the rights of litigants will permit such wide departures from the issues tendered in the pleadings. It, if tolerated, would beget the grossest abuse in practice. It would make the system of pleading, intended to define and sharpen the matters at issue, a snare and a deception.

V. In the fourth instruction given for plaintiff occurs the following : " If the proof shows the addition or omission of words from those charged not at all varying or affecting the sense of those used in the petition then there is no variance." This portion of the instruction should be omitted. It is calculated to mislead. Words may have the *same sense* with those used in the petition, yet not support the allegation of the petition. *Berry v. Dryden, supra* and *Birch v. Benton, supra.*

The judgment of the circuit court is reversed and the cause remanded for further proceedings in conformity with this opinion. All concur.