JOSEPH OFFIELD, Respondent, v. WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

| 22 | 607 |
| 36 | 386 |
| 22 | 607 |
| 50 | 421 |

Kansas City Court of Appeals, June 14, 1886.

1. DAMAGES—DESTRUCTION OF CROPS FROM OVERFLOW—HOW APPORTIONED AS TO VALUE.—When crops are injured by an annual overflow of water, such injury does not go the *entire value* of the estate, but being of yearly recurrence, is susceptible of *periodical* apportionment, and may, therefore, be redressed by successive actions.

2. —— CAUSE OF ACTION—SEPARATE COUNTS—MOTION TO REQUIRE TO ELECT—CASE ADJUDGED.—Where, in an action for such injury to crops, the entire cause of action is stated in one count, and the damage is laid in one sum, a motion to require plaintiff to elect on which cause he would proceed, and strike out the balance, was the proper mode of striking at the petition. Each annual overflow was a separate cause of action, and, as such, should have been separately stated in plaintiff's petition.

APPEAL from Daviess Circuit Court, HON. C. H. S. GOODMAN, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

GEORGE S. GROVER, for the appellant.

I.   There is a misjoinder of five separate and independent causes of action in one count of plaintiff's petition. This point is fully saved in the record. *McCoy v. Yager*, 34 Mo. 134; *Otis v. Mechanics' Bank*, 35 Mo. 128; *Van Hoosier v. Railroad*, 70 Mo. 145; *Dickson v. Railroad*, 71 Mo. 575; *Christal v. Craig*, 80 Mo. 371.

II.   The court improperly admitted testimony relating to speculative and remote damages. 1 Sutherland on Dam. 106; *Taylor v. McGuire*, 12 Mo. 318; *Ibid*, 13 Mo. 517; *Mining Co. v. Clark*, 32 Mo. 305; *Wilson v. Weil*, 67 Mo. 399.

III.   Defendant cannot be held liable for the alleged

obstruction of the channel of the creek, without proof that it had knowledge of such wrongful act. The knowledge of the roadmaster and section boss was not the knowledge of defendant, unless they were also shown to have had authority to remedy the defect. *Clark v. Railroad*, 36 Mo. 202 ; *Pinney v. Berry*, 61 Mo. 359 ; *Dickson v. Railroad*, 71 Mo. 575 ; *Wayland v. Railroad*, 75 Mo. 548.

IV. The instruction given for plaintiff authorized a recovery for damages not sued for. *Brown v. Railroad*, 80 Mo. 457. Defendant's instructions should have been given. Authorities cited, *supra*.

No brief on file for the respondent.

Ellison, J.—This action is to recover two thousand dollars damages sustained by plaintiff by the destruction of his crops from the overflow of his lands, alleged to have been caused by defendant. The overflow resulted from a diversion of the channel of a certain water course, known as "Board Tree Branch," and occurred in the years 1879, 1880, 1881, 1882, and 1883, successively. The entire cause of action is stated in one count, and the damage is laid in one sum. Defendant filed a motion to require plaintiff to elect which year he would contend for. This motion was overruled, exception was taken, and the point saved in the motion for new trial. The motion should have been sustained. When crops are injured by an annual overflow of water, such injury does not go to the entire value of the estate, but, being of yearly recurrence, is susceptible of periodical apportionment, and may, therefore, be redressed by successive actions. *Van Hoozer v. Railroad*, 70 Mo. 145 ; *Dickson v. Railroad*, 71 Mo. 575. Each annual overflow was a separate cause of action, and, as such, should have been separately stated in plaintiff's petition. *Mooney v. Kennett*, 19 Mo. 551 ; *Otis v. Mechanics' Bank*, 35 Mo. 128. The motion to require plaintiff to elect on which cause

he would proceed, and strike out the balance, was the proper mode of striking at the petition. *Otis v. Mechanics' Bank, supra; Christal v. Craig*, 80 Mo. 367.

The judgment is reversed and cause remanded. All concur.