JOHN J. GAW, Respondent, v. EDMUND B. ALLEN, Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **TRIAL PRACTICE: Pleading: Demurrer: Motion to Elect.** When two causes of action are joined in one count the remedy is by motion requiring an election and not by demurrer.

2. **DEED: Construction: Assuming Mortgage: Warranty.** All within the four corners of a deed should be considered in the construction of any part thereof; and a clause assuming a mortgage debt withdraws such mortgage from the warranty clause.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*O. F. Libby* and *A. W. Mullins* for appellant.

(1) Plaintiff's petition attempts to set forth a cause of action in assumpsit and in the same count seeks to reform the terms and provisions of a warranty deed not set forth in the petition. This was uniting two causes of action, one at law and one in equity, in the same count, which was error and not permitted by the rules of pleading. These several causes of action must be separately stated, separately tried and the relief sought separately prayed for. Maguire v. Tyler, 47 Mo. 127; Marsh v. Richards, 29 Mo. 99; Doan v. Halley, 25 Mo. 357; Childs v. Bank, 17 Mo. 213; McGarey's Pl., sec. 31. (2) Exhibits filed with pleadings cannot be considered in determining the sufficiency of such pleading on a demurrer. Curry v. Lake, 35 Mo. 392; Deets v. Corwin, 35 Mo. 376; Peake v. Bell, 65 Mo. 224; Baker v. Berry 37 Mo. 306; Vaughan v. Daniels, 98 Mo. 230; Merrill v. Trust Co., 46 Mo. App. 236; Pomeroy v. Fullerton, 113

Mo. 440. (3) The petition in this case must within itself state a good cause of action without the courts having to refer to exhibits in order to ascertain facts sufficient to sustain a cause of action and on which to render a judgment. Chambers v. Corther, 35 Mo. 374; Phillips v. Evans, 64 Mo. 11; Peake v. Bell, 65 Mo. 224; Paulson v. Collins, 18 Mo. App. 583; Vaughan v. Daniels, 98 Mo. 230; State ex rel. v. Samuel, 28 Mo. App. 649. (4) Plaintiff should have set out the warranty deed *in haec verba* that he seeks to have reformed or else he must have set out the parts of the contract sought to be reformed changed according to its legal effect. Bliss, Code Pl., sec. 158.

*West & Bresnehen* for respondent.

(1) Conceding that two causes of action are set up in one count in plaintiff's petition, defendant's demurrer was properly overruled. A petition is not demurrable because two causes of action are set up in one count, unless the causes of action are such as cannot be sued upon in separate counts of the same petition. In other words, if two causes of action may be sued upon in the same petition in separate counts, the fact that they are sued upon in the same count will not make the petition demurrable. Otis v. Bank, 35 Mo. 128; Wilson v. Railroad, 67 Mo. App. 443; Mulholland v. Rapp, 50 Mo. 42; Welsh v. Stewart, 31 Mo. App. 376-384; Fadley v. Smith, 23 Mo. App. 87. (2) Treating the petition as a suit in equity, the facts stated constitute one cause of action. Under these facts plaintiff was not only entitled to the specific relief prayed for, but, under the general prayer, was entitled to have the money paid out by him adjudged to be a vendor's lien on the land deeded to defendant. Hagan v. Bank, 182 Mo. 342; Batt v. Clark, 57 Mo. 189; Banks v. Edwards, 84 Mo. App. 462; Fender v. Hazeltine, 106 Mo. App. 28. (3) The lower court treated the allegations of the petition relating to the reformation of the

deed as mere surplusage, and construed the petition to be an action at law for the money paid out. This it seems was in accord with the latest ruling of this court. Fender v. Hazeltine, 106 Mo. App. 28.

ELLISON, J.—Plaintiff brought this action to recover a sum of money due on a note secured by mortgage given by plaintiff which he charged the defendant agreed to pay by assuming it in a deed made to him by plaintiff, but failed, whereby plaintiff was compelled to pay it. The petition likewise alleged that by mistake the provision in regard to defendant assuming the mortgage was not excepted from the warranty in the deed and asked that it be reformed. The defendant demurred to the petition on the ground that it did not state a cause of action; and that two separate and distinct causes of action had been united; and that he sought to reform the provisions of a deed and did not file it with the petition, nor set forth the part to be reformed. The demurrer was overruled and defendant appealed.

The demurrer was properly overruled. When two causes of action are joined in one count which might have been joined in one petition in separate counts, the remedy is by motion to require the plaintiff to elect upon which he will proceed. [Otis v. Mechanics' Bank, 35 Mo. 128; Fadley v. Smith, 23 Mo. App. 87.]

The trial court properly ignored that part of the petition asking to reform the deed by qualifying the warranty clause so as not to warrant against the mortgage which defendant assumed. All within the four corners of the deed should be consideerd in giving a construction to any part of it. By so doing it is apparent that the mortgage was not included in the warranty clause, as it had been assumed by the grantee in a preceding clause especially casting the duty and obligation upon the grantee to pay it.

The judgment should be affirmed. All concur.