## FOSTER-CHERRY COMMISSION COMPANY, Respondent, v. DAVIS, McDONNELL & DAVIS, Appellants.

**Kansas City Court of Appeals, December 4, 1905.**

1. **CONVERSION: Pleading: Misjoinder of Actions: Different Counts: Assignments.** Separate causes of action may be united in the same petition, but they can not be joined in one count; and so where a defendant converts cattle of two owners at the same time, each owner has a separate cause of action and these can not be joined in one count, although one assigns his cause of action to the other party. [Cases distinguished.]

2. ——: ——: ——: ——: **Election.** And where separate causes of action are united in one count, the proper remedy is by motion to compel an election.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

REVERSED AND REMANDED.

*Johnson, Rusk & Stringfellow* for appellants.

(1) The cause of action which plaintiff had by reason of its being mortgagee in its own mortgage should have been pleaded in a separate count from that acquired by it by the assignment from Forsha. R. S. 1899, sec. 593; Mooney v. Kennett, 19 Mo. 551; Doan v. Holly, 25 Mo. 357; Dougherty v. Railway, 19 Mo. App. 419; Ency. Pl. and Pr. 306, and cases cited. (2) And the rights of an assignee of a cause of action can not be any greater than were those of his assignor. He is subject to all defenses existing at the time of the assignment. Story on Bailment, sec. 324; State v. Heckhart, 49 Mo. App. 284; Chouteau v. Allen, 70 Mo. 290; Jones Chat. Mtg., sec. 513; Judge v. Vogel, 38 Mich. 568. (3) For joining several similar causes of action in the same count the prop-

115 app—5

er remedy is a motion to require plaintiff to elect.   Otis
v. Bank, 35 Mo. 128; Stevenson v. Judy, 49 Mo. 227;
Christal v. Craig, 80 Mo. 367; Mooney v. Kennett, 19 Mo.
551; Offield v. Railway, 22 Mo. App. 607; Brown v. Rail-
way, 20 Mo. App. 427. .

*H. L. McCune* and *Ward & Hadley* for respondent.

(1)   If plaintiff was entitled to recover for a por-
tion of these cattle in its own right and for the balance
as trustee for Forsha, still plaintiff would have but one
cause of action as there was but one trespass.   Bank v.
Tracey, 141 Mo. 252-260.   (2)   The facts set out in the
petition in this case constitute one cause of action and
should be pleaded in one count.   Tome v. Dubois, 6 Wall.
(U. S.) 548; Bank v. Tracey, 141 Mo. 260; Hellams v.
Switzer, 24 S. Car. 39; Stickford v. St. Louis, 7 Mo.
App. 217.   (3)   The provision of the code requiring the
causes of action to be separately stated is merely one of
practice over which the trial court has control and any
action in regard thereto by said court is not the subject
of review by appeal.   Goldberg v. Utley, 60 N. Y. 428.

ELLISON, J.—Plaintiff instituted this action by
filing a petition charging defendant with converting a
lot of cattle.   The judgment in the trial court was for the
plaintiff.   It appears that one Amos Wells gave a
chattel mortgage on a number of cattle to the plaintiff
to secure the payment of a promissory note for $1,176.
Wells, at about the same time, gave another chattel mort-
gage on a different lot of cattle to Forsha & Co. to secure
the payment of a promissory note for $1,157.   Wells
mingled the two lots of cattle and placed them on his
farm in Andrew county, Missouri.   Plaintiff charges in
its petition that defendants afterward took "twenty-two
head of said steers, covered by the said two chattel
mortgages, and converted the same to their own use and,
though often requested, have refused to deliver the same

to this plaintiff, or to Forsha & Co., or to account to said parties for the value thereof." The petition then charges that afterwards, Forsha & Co. assigned their chattel mortgage and their cause of action for the conversion to the plaintiff.

The petition is in one count and due and timely objection, by motion to elect, was made to it by defendant for the reason that two causes of action were improperly joined in one count. [Otis v. Bank, 35 Mo. 128; Mooney v. Kennett, 19 Mo. 551; Offield v. Railway, 22 Mo. App. 607; Brown v. Railway, 20 Mo. App. 427; Gaw v. Allen, 112 Mo. App. 711.] The motion was disallowed by the trial court. The ruling was erroneous. While separate causes of action of kindred class may be united in the same petition, they cannot be joined in one count. Each stands as a separate cause of complaint and must be separately stated. The law, thus written, is not denied by plaintiff and it seeks to avoid the rule upon the idea that there was but a single act of conversion and that the causes of action for such act are now united in the same party. There is no good reason upon which to found the suggestion. Although defendant took the cattle of plaintiff and of Forsha & Co. at the same time and (we may concede) by the same act, yet, necessarily, there were two separate conversions; one in taking plaintiff's cattle and one in taking Forsha's. For each conversion, a separate cause of action, of course, arose in favor of each owner. The circumstance that plaintiff became the owner of both causes of action does not have the effect of uniting them into one. The ownership becomes united, but the causes of action necessarily retain their separate entity. The mistake of plaintiff's position is in assuming that a single act cannot have, for result, more than a single wrong.

Plaintiff cites in support of his position the cases of Savings Bank v. Tracey, 141 Mo. 252; Tome v. Dubois, 6 Wall. 548; and Hellams v. Switzer, 24 S. Car. 39. Neither case is applicable. In Savings Bank v. Tracey,

the bank held a mortgage on chattels and also held accounts which had been assigned to it by the mortgagor. The bank thus owned the chattels through the mortgage and also owned the accounts through the assignment. The chattels and accounts were seized by the United States marshal at one levy of a writ of attachment. It was held that there was but one wrong creating but one cause of action, which could not be divided. There was but one wrong, for the reason that there was but one owner of the property taken—there was but one party *to* wrong. In Tome v. Dubois, logs belonging to several different owners were floated down a river by a sudden rise of the water. A sawmill company below caught them and made them into lumber. The owners sold the logs to the plaintiff. He demanded them of the milling company. They refused to deliver and were thereupon charged with, and sued for, conversion. At the time of the conversion, there was but a single wrongful act committed against a single owner, which shows the case does not bear likeness to the one at bar.

The case of Hellams v. Switzer was where several separate landowners joined in one action and one count against a person, who had injured their land by constructing a dam, and they asked damages *in solido* against him. The court held that defendant's cause of complaint against the pleading was a misjoinder of parties plaintiffs, and not the statement of several causes of action. That there had been no effort made to state more than one cause of action. The court, however, held that each party plaintiff had a separate cause of action independent of the other and that they could not be prosecuted jointly. It was, by no means, held that a plaintiff may state, in one count, facts which make several causes of action and successfully prosecute them as one cause, when timely and proper objection is made that he should elect as to which one of the several he will rely upon. In that case a demurrer was filed when, as we have already seen, the proper remedy was a motion to elect.

The judgment will be reversed and the cause remanded. *Broaddus, P. J.,* concurs; *Johnson, J.,* not sitting.