WILLIAM M. FINNELL, Respondent, v. METRO-POLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 20, 1911.

1. **PLEADING: Joinder of Causes of Action: Carrier and Passenger: Assault: False Arrest: Malicious Prosecution.** Plaintiff, a passenger on one of defendant's cars, had a controversy over the payment of his fare. Defendant caused his arrest, and on the trial he was acquitted. Plaintiff sued for damages, alleging in one count causes of action for assault, false arrest and malicious prosecution, and recovered judgment. By answering to the merits without attacking the petition defendant waived the objection of misjoinder of causes of action.

2. ———: ———. Where several causes of action are united in one count, and the cause is tried on all and a single verdict and assessment of damages is returned in favor of plaintiff, if one or more of the causes of action assigned is bad, so as not to support the verdict, the verdict is bad as to all. But where all of the causes pleaded are good, and all are supported by the evidence, the verdict is good.

3. ———: ———. Where two causes of action which could be pleaded properly in different counts in one petition are stated in a single count, the defendant should move to require the

plaintiff to elect one and strike out the other. If, however, defendant pleads to the merits, instead of filing such a motion, he waives the defect.

4. ———: ———: Practice, Appellate: Presumption of Immateriality of Error in Instruction. The burden is on appellant to show that an error committed against him changed the result of the trial; and where appellant's abstract contains a mere recital that there was evidence tending to support, and evidence tending to contradict, the allegations of plaintiff's petition, and the evidence itself is not before the appellate court, and it has no means of knowing what effect an erroneous instruction may have had on the minds of the jury, it is not required to reverse the judgment on account of the giving of an erroneous instruction.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

The petition does not state facts sufficient to authorize a verdict herein. Flowers v. Smith, 214 Mo. l. c. 129, 130; Boyd v. St. Louis Transit Co., 108 Mo. App. 303. The court erred in overruling appellant's motion for a new trial and motion in arrest of judgment. McMurray v. Transit Co., 225 Mo. 272; Jordan v. Transit Co., 202 Mo. 418; Flowers v. Smith, 214 Mo. l. c. 141.

*Stubbs & Stubbs* for respondent.

JOHNSON, J.—Plaintiff claims that after he became a passenger on one of defendant's street cars and had paid his fare, the conductor attempted to collect the fare again, and, on plaintiff's refusal to pay a second time, assaulted him with verbal abuse and physical violence and forcibly ejected him from the car; that afterward defendant caused plaintiff to be arrested on a charge of disturbing the peace and pros-

ecuted him on that charge and that plaintiff was acquitted by the jury before which the case was tried. Plaintiff brought this suit to recover compensatory and exemplary damages and in his petition alleged, in a single count, causes of action for wrongful assault, false arrest and malicious prosecution. Defendant did not attack the petition by demurrer or motion but answered to the merits and, at the trial, interposed the general objection that the petition failed to state a cause of action and renewed that objection by motion in arrest of judgment. The cause was submitted to a jury and a verdict was returned for compensatory damages only. After unsuccessfully moving for a new trial and in arrest of judgment, defendant appealed.

The only reference to the evidence in the abstract of the record filed by defendant is that "there was evidence tending to prove the several allegations of the petition and evidence tending to disprove each and every one thereof." The principal contention of defendant in this court is that the petition is fatally defective and will not support a single verdict because it contains in one count statements of two or more separate and distinct causes of action.

We do not agree with the view of defendant that a cause for slander is pleaded. The verbal abuse suffered by plaintiff was a part of the cause inuring to him from the wrongful assault and as we construe the petition it pleads causes for assault and for false arrest and malicious prosecution. We shall concede these causes were improperly joined in one count and the question for our decision is whether that defect in the pleading was one defendant could and did waive or was one of such vital character that it could not be cured by verdict. The argument of defendant concedes, in effect, that the different causes pleaded could be properly joined in one action if stated in separate counts, and, further, it must be conceded that there is no repugnancy or inconsistency between these causes.

Proof of one would not tend to disprove the other. It could be true that defendant wrongfully assaulted plaintiff and followed up that wrong with a false arrest and a malicious prosecution. We hold that by answering to the merits without attacking the petition defendant waived the objection of a misjoinder of causes in a single count, and we find that the cases cited by defendant do not support the contrary view.

In Flowers v. Smith, 214 Mo. 98, the petition in a libel suit alleged eighteen causes in one count, five of which were bad. The court held that the defect was so vital the objection could be raised for the first time in the motion in arrest. We quote from the opinion:

"On principle it must obtain that where the several causes of action are united in one count, and the case is tried on all, and a single verdict and assessment of damages in favor of the plaintiff, if one or more of the causes of action assigned be bad, so as not to support the verdict, the verdict must be bad as to all. How is it possible for the court to tell whether the jury took one or all the alleged slanderous words into their estimation? How much proof of the imperfect cause and how much of the good, did the jury consider? Was it the fact proved touching the bad count that influenced the verdict, and if so, to what extent?"

This rule would have application in the present case if any of the pleaded causes were bad but with all of them good, and with evidence supporting them all, the verdict could not possibly have any other foundation than a good cause and, consequently, could not be subject to the just criticism made of the verdict in the case to which we have just referred.

The rule pertinent to the petition in hand thus is stated by the Supreme Court in Jordan v. Transit Co., 202 Mo. l. c. 426:

"Where two causes of action that may by authority of the statute (sec. 593, R. S. 1899) be united in one

petition, each in a separate count, are improperly blended in one count the defect is reached by a motion to require the plaintiff to elect one and to strike out the other. (Otis v. Bank, 35 Mo. 128; State to use v. Davis, Id. 406; Christal v. Craig, 80 Mo. 367; State ex rel. v. Tittmann, 103 Mo. 553, 1. c. 569; Childs v. Railroad, 117 Mo. 514.) And in Paddock v. Somes, 102 Mo. 226, 1. c. 235, it was held that by pleading to the merits the defendant waived the defect. To the same effect it was held in Christal v. Craig, supra. The rule laid down in those cases is that when a defendant pleads to the merits he waives all mere informality and irregularity in the petition and can thereafter object to it only on the ground that it states no cause of action or that the court has no jurisdiction of it.''

Following the authorities we must hold that the objection to the petition comes too late.

Objections are urged to the instructions but we find them free from prejudicial error. We think defendant may be right in saying the court erred in its modification of defendant's instruction numbered ten, but we can think of a state of proof where the error would have been harmless to defendant and, therefore, since the evidence is not before us we have no means of knowing what effect the erroneous instruction could have had on the minds of the jury. The burden is on the appellant of showing that he has been injured by prejudicial error committed against him and that burden is not discharged by the mere exposition of an erroneous ruling that might or might not have been of a prejudicial character.

The judgment is affirmed. All concur.