CLARENCE S. DeFIELD, Appellant, v. HARDING DREDGE COMPANY, a Corporation, and DRAINAGE DISTRICT No. 25, OF MISSISSIPPI COUNTY, MISSOURI, a Corporation, Respondents.

Springfield Court of Appeals, June 13, 1914.

1. **DEBTOR AND CREDITOR: Creditor's Bill: Equitable Attachment: Insolvent Foreign Corporation.** A creditor, a citizen of this State, may maintain a suit in equity in the nature of a creditor's bill or an equitable garnishment to reach a fund owing an insolvent foreign corporation, his debtor, such debtor having ceased to do business in this State and having withdrawn all its property except the fund attached.

2. **EQUITABLE ATTACHMENT: Municipal Corporations: Foreign Insolvent Corporation.** While section 2415, R. S. 1909, prohibits municipal corporations from being subject to garnishment, it does not prevent the maintenance of an equitable attachment by plaintiff creditor, a citizen of this State, of funds which a municipal corporation owes a foreign corporation, defendant debtor, where such foreign corporation has become insolvent, has ceased to do business in this State and has withdrawn all its property except the fund in controversy.

3. **———: Foreign Insolvent Corporation: Prior Judgment Not Essential.** Obtaining judgment against a foreign insolvent corporation debtor which has ceased to do business in this State and withdrawn all its property except the fund in controversy is not an essential prerequisite to the maintenance of a suit in equity in the nature of a creditor's bill or equitable garnishment to reach such fund.

4. **PLEADING: Causes Improperly United: Demurrer: Motion to Allege Separately.** Where several causes of action are joined in one count, unless the counts are such as cannot be united under section 1795, R. S. 1909, it is not ground for demurrer under section 1800, R. S. 1909. Where counts are improperly commingled, but are such as can be united under said section, the objection thereto can only be reached by a motion to require the pleader to separately allege them.

Appeal from Mississippi County Circuit Court.—*Hon. Frank Kelly,* Judge.

REVERSED AND REMANDED.

*Russell, Deal & Joslyn* for appellant.

(1) The Harding Dredge Company having made default, plaintiff was entitled to a judgment against it for the amount sued for. Section 1799, R. S. Mo. 1909. (2) Appellant could not proceed under the statute for two reasons: First, because the drainage district is a municipal corporation. Second, because the funds of the district were in the hands of the county treasurer. Section 2415, R. S. Mo. 1909. (3) The Harding Dredge Company had completed its contract with the drainage district, and the balance due it had been ascertained and it was insolvent and had no property within the jurisdiction of the courts of this State other than this fund which appellant is seeking to reach; therefore appellant is entitled to the aid of a court of equity. Pendleton v. Perkins, 49 Mo. 565; Heaton v. Trust Co., 153 Mo. App. 312; Webb & Co. v. Lumber Co., 68 Mo. App. 546.

*Boone & Lee* and *J. M. Haw* for respondent.

(1) A municipal corporation cannot be held liable to answer any writ of garnishment. Rev. Stat. 1909, Vol. 1, Sec. 2415. (2) A creditor's bill will not lie against a municipal corporation. Geist v. City of St. Louis, 156 Mo. 643; Fortune v. St. Louis, 23 Mo. 239; Howthorn v. St. Louis, 11 Mo. 59; Kein v. School District, 42 Mo. App. 460; Adyston Pipe Co. v. Chicago, 170 Ill. 584 (68 N. E. 967); Venable v. Rickenburg, 152 Mass. 66 (24 N. E. 1084). (3) This amended petition is bad because it joins two causes of action in one count; there is an account stated, and an account for work, labor and material. Sidway v. Land & Live Stock Co., 187 Mo. 649, and cases cited.

ROBERTSON, P. J.—The plaintiff appeals. The court sustained the demurrer of the defendant Drain-

age District to the petition, plaintiff elected to stand thereon and the court rendered judgment against him.

The petition was filed August 9, 1913, and alleges that for more than ten years prior thereto plaintiff had been and was then a resident citizen of Mississippi county; that the defendant, Harding Dredge Company, was at the dates therein mentioned and then a foreign corporation created and organized under the laws of the State of Indiana, authorized to do business in this State, and that the defendant, Drainage District, was a municipal corporation created and existing under and by virtue of the laws of this State relating to the drainage of swamp and overflowed lands; that prior to August 15, 1910, the defendant Dredge Company was engaged in constructing drainage ditches in Mississippi and New Madrid counties, and that the plaintiff had a running account with the Dredge Company for work and labor done and material furnished it while it was engaged in executing its said work, and that on the 15th day of August, 1910, he had a settlement with it, at which time the account was stated, and upon said settlement it was ascertained that it was indebted to him in the sum of $1356.52; that while said Dredge Company was engaged in executing its said work he performed labor and furnished material for it amounting to $1040, as shown by a statement thereto attached; that since the date of the last item, October, 1911, the Dredge Company has had no property in this State which was subject to execution and was, at the date of the filing of said petition and had been since September 21, 1911, at which latter date in a suit pending in the circuit court of Knox county, Indiana, adjudged insolvent and all of its property and assets of every kind within the jurisdiction of said court was placed in the hands of a receiver which were wholly insufficient to pay its creditors within said State of Indiana; that said Dredge Company after having been authorized to transact

business in this State entered into a contract with the defendant Drainage District to construct ditches for said district, which said contract was fully executed by the defendant Dredge Company and accepted in its behalf and that said Drainage District was then indebted to said Dredge Company in the sum of $3200, the balance due on the contract price for said work, which said sum is held in behalf of the said district; that said Dredge Company is no longer engaged in business in the State of Missouri and is attempting to obtain the amount due it from the Drainage District and remove the same from the jurisdiction of the courts of this State and subject the same to the payment of claims of creditors of said Dredge Company in the State of Indiana; that had the plaintiff obtained judgment against the Dredge Company there were no assets in this State belonging to the said Dredge Company upon which an execution could be levied and that the amount of $2396.52 was then due the plaintiff for which he had demanded payment. The petition then prays judgment against the Dredge Company for said amount and that the money now due the defendant Dredge Company from the defendant Drainage District be impounded and ordered paid to the plaintiff for the amount due it from the Dredge Company.

The demurrer filed in behalf of the defendant Drainage District alleges as grounds therefor, which are insisted on here, the following:

That the bill does not state a cause of action;

That the petition does not state facts sufficient to entitle plaintiff to the equitable relief claimed and, generally, the petition states no equity;

That the petition on its face shows that the plaintiff has not established his claim by competent judgment and does not state facts sufficient to authorize an equitable attachment before judgment;

That under the allegations of the petition, plaintiff is not entitled to attachment in this cause for the

reason that the defendant, Drainage District No. 25, is a municipal corporation and not subject to be summoned as a garnishee; and

That there is an improper joinder and mingling of two or more different causes of action in one and the same count.

The respondent, Drainage District, contends that this action will not lie in view of section 2415, Revised Statutes of 1909, prohibiting municipal corporations from being subject to garnishment. It contends that since this enactment as to garnishment at law a suit in equity in the nature of a creditor's bill or an equitable garnishment will not lie in behalf of the creditor.

The principal case relied upon by the appellant is that of Pendleton v. Perkins, 49 Mo. 565, a suit brought against the city of St. Louis and one Perkins, wherein it was charged that Perkins had absconded so that judgment could not be obtained against him, that he was insolvent and had no property in the State subject to attachment, and that there was money in the city treasury belonging to him. Upon the demurrer being sustained to the petition the plaintiff appealed. The decision is prefaced with three questions as being involved in the case: "1. Will a creditor's bill lie to subject a fund or chose in action of the debtor, without showing fraud of some other recognized ground of equitable jurisdiction? 2. Will it lie in favor of the plaintiff in this case without first having obtained judgment and issued execution? 3. Will it lie against the city?" The court then, in an opinion by Judge Bliss, discusses those questions in their order. As to the first one, after reviewing the conflicting holdings of different courts, the court concludes that equity will "furnish a remedy when the strict rules of legal practice fail." The second question is answered in the affirmative, as is also the third one, which is discussed and considered with reference to the garnishment act which exempts municipal corporations

from its operation, and then concludes as follows: "To deny the relief sought would permit the debtor to withdraw property from the State which equitably belongs to his creditors. It is the policy of all states to protect home creditors, and in pursuance of this policy, and in the absence of any other remedy, I think this proceeding should be sustained."

The respondent cites the case of Geist v. St. Louis, 156 Mo. 643, as overruling the *Pendleton case*. But in that case the action was brought to compel the city to pay the wages of one of its employees to the plaintiff in satisfaction of his debt against the employee, and such employee had not absconded. It is said, as to the *Pendleton case*, upon the court's conclusion as to the first question there propounded (p. 649): "The proposition announced in this answer has been recognized and approved by the courts and the profession in this State as sound law, for more than a quarter of a century, and thus by judicial construction we have in this State a remedy that may well be denominated equitable garnishment, as comprehensive in scope and purpose as the remedy provided by the statutory enactments in other states to which we have alluded. The soundness of the doctrine upon which it rests is not questioned, and need not be inquired into in this case; and in this connection it is only necessary to say that this equitable remedy, as is obvious from the principle upon which it rests, exists for the purpose of furnishing relief, only in cases where the relief provided by common or positive law fails or is inadequate, but cannot be used for the purpose of giving relief forbidden by positive law." The opinion in the *Geist case* passes over the second question in the *Pendleton case* to the third question, about which the following quotation is taken (p. 652): "This is the whole of the *dicta* on that subject, from a careful reading of which but one conclusion can be drawn as to the holding of the court. Not that the principle of the statute did not

apply to equitable garnishment, but that the case then in hand, although within the letter was not within the spirit of the statute, and such being the case, the former ought to give way to the latter. In other words, 'The public policy which forbids creditors from thus stepping in between the city and its servants,' which in the opinion is postulated as the reason of the statute, it was held, does not include the case of a judgment debtor who is not a servant of the city, but who has absconded and has in the city treasury a fund 'unconnected with its present public service, or the prosecution of its public works,' although such fund comes within the exemption of the letter of the statute. The ruling in that case on this branch of it, 'hath this extent; no more.' It does not extend to the case now in hand, in which the fund sought to be reached is the salary of a servant of the city, who has not absconded, but who is in its 'present public service' with which that salary is connected.'' Our construction of the *Geist* case is that it recognizes the rule laid down in the *Pendleton* case as to the facts disclosed, but refuses to extend the doctrine there announced to a case wherein the salary of a city official, who had not absconded, was involved, and we think that it is an authority in support of the appellant's contention here. The reasons for sustaining this action are so fully set out in the *Pendleton* case that it is useless to repeat or try to enlarge on them.

On the question of the necessity of the plaintiff first obtaining a judgment against his debtor, the *Pendleton* case has been followed in Webb & Co. v. Lumber Co., 68 Mo. App. 546, 554, and in Heaton v. Dickson and Trust Co., 153 Mo. App. 312, 321, 133 S. W. 159.

The holding of the Supreme Court, that a foreign corporation which has its chief office or place of business in this State cannot be attached on the ground of nonresidence (Farnsworth v. Railroad, 29 Mo. 75),

cannot be said to make the Dredge Company in this case a resident of this State so as to bring it within the ruling in the *Geist case.*

The very reason for the rule allowing the equitable procedure would defeat the application of the doctrine applied in attachment cases. If a foreign corporation ceases to transact business in this State and has withdrawn all of its property from the State, except the fund in controversy, then so far as its assets are concerned, it no longer has any existence in this State. In holding it to be a nonresident for the purposes of the attachment law, such holding necessarily presupposes the existence in this State of assets belonging to the corporation; otherwise, there would be no necessity or occasion for issuing an attachment against it.

The respondent asserts here that the plaintiff's petition is bad because it joins two causes of action in one count. This is not a subject of demurrer under section 1800, Revised Statutes of 1909, unless the two counts are such as cannot be united under section 1795, Revised Statutes of 1909. If two counts are improperly commingled, but are such as can be united under said section, the objection thereto can only be raised by a motion to require the pleader to separately allege them. [Jordan v. Transit Co., 202 Mo. 418, 426, 101 S. W. 11; Gaw v. Allen, 112 Mo. App. 711, 87 S. W. 590; and Finnell v. Railway, 159 Mo. App. 522, 526, 141 S. W. 451.]

So far as the equities in favor of the respondent are involved in this case, when we consider its welfare as a part of the mechanism for the administration of the affairs of the State, it occurs to us that even though Section 1247, Revised Statutes of 1909, may not be broad enough to require it to exact of a contractor a bond conditioned to pay for all labor and material used in performing the work involved, and the law applicable to drainage districts only requires a bond for

the faithful performance of the work, yet a bond could have been exacted with the conditions as required by said section 1247, Revised Statutes 1909, which would have inured to the benefit of all laborers and materialmen (City of St. Louis to use of v. Von Phul, 133 Mo. 561, 34 S. W. 843; Devers v. Howard, 144 Mo. 671, 680, 46 S. W. 625) and thereby have protected the plaintiff in this case and avoided this litigation on its part.

The judgment of the circuit court is reversed and the case remanded. *Farrington* and *Sturgis, JJ.,* concur.