# BRIDGET JORDAN v. ST. LOUIS TRANSIT COM-PANY, Appellant.

### Division One, March 28, 1907.

1. **PLEADING: Negligence: Blending Acts in Same Count.** In an action sounding in damages for an injury caused by the negligence of defendant's servants, the plaintiff may state in one count, as constituting his cause of action, as many acts of negligence not inconsistent with each other as he deems proper, provided either one makes out his case or all together do so; and in such case, if there is evidence to sustain each and every charge he has the right to go to the jury on each or all.

2. ———: ———: ———: **Inconsistent: Oral Motion to Elect: Waiver.** Where the acts of negligence charged are inconsistent with each other, that is, if both cannot be true, if proof of the one disproves the other, the plaintiff may be required by motion even on the eve of the trial to elect on which he will stand. And in such case the defect in the petition is not waived by filing an answer to the merits, because the contradictory statements destroy each other and destroy the life of the petition; until one or the other is withdrawn, the petition is self-destructive and it states no cause of action.

3. ———: ———: ———: **Under Statute: Motion to Elect: Waiver.** Where two causes of action that may by authority of the statute (sec. 593, R. S. 1899), be united in one petition, each in a separate count, are improperly blended in one count, the defect is reached by a motion to require plaintiff to elect one and to strike out the other. But by pleading to the merits defendant waives that defect. And a suit in which plaintiff states two causes of action, one under one statute, and the other under another, in one (under sec. 2864, R. S. 1899) charging that defendant's servants, in running its street cars at the point of the accident, negligently failed to sound the gong to give warning of the approach of the car, to slacken its speed, to keep the cars under control, and to stop the car in time to avoid the injury to her husband who was at work on the track, and in the other (under sec. 2865, R. S. 1899) charging that the foreman of defendant, representing the master, was negligent in that he failed to warn the men of the car's approach in time to enable her husband to escape, is such a suit. Those charges are not inconsistent or self-destroying;

both may be true, and proof of either will authorize a recovery. But they should be stated in separate counts of the one petition, since each was created by a separate section of the statute, each founded on its own separate conditions and each calling for its own measure of damages; but if blended in one count, and defendant answers to the merits, it waives the defect. But the only thing it waives is the informality of the petition; it still has the right to require the two causes of action to be distinguished when the time comes to instruct the jury.

4. **DEMURRER TO EVIDENCE.** In passing on a demurrer to the evidence, ordinarily the plaintiff's evidence alone should be considered. But if defendant's evidence aids the plaintiff's case it also is to be taken into account.

5. ————: **Warning of Car's Approach.** In a suit for damages for the negligent killing of plaintiff's husband while he was at work repairing a street car track, based on the negligence of the foreman, representing the master, in failing to warn the men of the approach of cars in time to enable her husband to escape, where cars were passing in both directions, and the foreman halloed, "Look out, boys, cars coming both ways," and part of the men went to the south of the track, and plaintiff's husband and another went to the north, and the other who was a few feet further west got over the north track in safety, and plaintiff's husband was struck by a west-bound car on that track just as he stepped on it, the evidence of one witness that the east-bound car on the south track on which plaintiff's husband was working was only forty feet distant when the foreman gave the warning, raises a question for the jury to determine, namely, was timely warning given by the foreman?

6. **NEGLIGENCE: Abandoned Cause: Modifying Instruction: Error.** Plaintiff's petition contained two causes of action, one that defendant's motorman failed to give proper warning and signals of the car's approach, the other that defendant's foreman did not give warning of the car's approach in time to enable her husband to escape from the track. There was really no evidence supporting the first charge, and plaintiff abandoned that charge by asking no instructions on the subject, and defendant asked an instruction to the effect that if the jury found certain facts which showed that defendant's motormen were not negligent in running the cars the verdict should be for defendant. The court refused the instruction as asked, but modified it so as to make it say that if the jury should find those facts they should find for defendant on that issue, and gave it as modified. *Held,* error. There was no evidence

to support the modified instruction, and as given it had the effect to give the jury to understand that that issue was in the case, and it was therefore misleading. The court should have refused the instruction, or given it as asked.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest, J. C. Kiskaddon* and *B. L. Matthews* for appellant.

(1) The court erred in overruling defendant's motion to compel plaintiff to elect on which cause of action she would proceed to trial. These causes of action required different evidence, and the measure of damages is different. One allegation is the negligence of a motorman running a car, the other is the negligence of a vice-principal. Southworth v. Lamb, 82 Mo. 247; McDermott v. Railroad, 87 Mo. 302; Drolshagen v. Railroad, 85 S. W. 344. (2) The court erred in refusing to give the demurrer to the evidence at the close of plaintiff's case, and also erred in refusing to give a like instruction at the close of the whole case. There is no evidence that defendant's motorman was negligent, nor is there evidence that the foreman of deceased was negligent. That failure alone is sufficient to warrant the giving of those instructions. In addition, there is positive and uncontradicted evidence that the negligence of deceased not merely contributed to but was the sole cause of his death. Maher v. Railroad, 64 Mo. 274; Buesching v. Gas Light Co., 73 Mo. 229; Fletcher v. Railroad, 64 Mo. 488; Hallihan v. Railroad, 71 Mo. 117; Powell v. Railroad, 76 Mo. 83; Taylor v. Railroad, 86 Mo. 462; Prewitt v. Eddy, 115 Mo. 302; Kreis v. Railroad, 148 Mo. 328; Carroll v. Railroad, 107 Mo. 660; Glover v. Kansas City B. & N. Co., 153 Mo. 340; Hite v. Railroad, 130 Mo. 140; Rob-

erts v. Tel. Co., 166 Mo. 384. (3) The court gave only three instructions at the instance of defendant: One defining the duty of the jury, another ordinary care, and the third burden of proof. All other instructions asked by defendant were refused. But these instructions were refused as asked, modified by the court, and given in the modified form, thus becoming the instruction of the court. Defendant insists that in view of the instructions given at the instance of plaintiff these instructions are irrelevant, tend to call the attention of the jury to an abandoned issue as if it were yet in the case, are contradictory and misleading. Greer v. Parker, 85 Mo. 111; James v. Railroad, 107 Mo. 485; Spillane v. Railroad, 111 Mo. 565; Stone v. Hunt, 94 Mo. 480; Fath v. Railroad, 105 Mo. 549; Bluedorn v. Railroad, 108 Mo. 449.

*P. H. Cullen* and *Jos. S. McIntyre* for respondent.

(1) Defendant, having answered and announced ready for trial, and having made no objection to the joinder of two causes of action, thereby waived this point. The objection was oral and the point could only be saved by filing a written motion before answering. R. S. 1899, secs. 640, 641, 768, 611, 612, 616, 625, 622; Sinclair v. Railroad, 70 Mo. App. 593; Paddock v. Somes, 103 Mo. 235; Oneill v. Blase, 94 Mo. App. 649; Haseltine v. Smith, 154 Mo. 404. (2) The case went to the jury on the sole averment of the negligence of defendant's foreman. If the petition blended two causes of action plaintiff's instructions did not have to cover both. One cause of action was abandoned entirely by plaintiff and defendant cannot complain because plaintiff narrowed the basis of her right of recovery. Robertson v. Railroad, 152 Mo. 383. (3) The jury were not instructed to return a verdict for the absolute $5,000 on any theory of the case. They were instructed that the verdict could not exceed $5,000. Of

this defendant cannot complain, and if two causes of action were improperly joined and an election should have been required, the error is cured because only one cause of action was submitted to the jury. Culbertson v. Railroad, 140 Mo. 63. (4) When the master, as in the case at bar, adopts a system of verbal notification of danger, the servant has a right to rely upon such verbal notification, and the master is guilty of negligence if he omits the customary notice or fails to give it in time. Speed v. Railroad, 71 Mo. 303; Railroad v. Rhea (Tex. App.), 84 S. W. 428; Barker v. Railroad (Ky.), 21 S. W. 340; Railroad v. Schultz, 19 Ohio C. C. 639; Ring v. Railroad, 112 Mo. 220; 1 Labatt, Master and Servant, sec. 209; Richmond Granite Co. v. Bailey, 92 Va. 554, 14 S. E. 232; Anderson v. Northern Mill Co., 42 Minn. 424, 44 N. W. 305; Anderson v. Railroad, 8 Utah 128; Railroad v. Barker, 17 Ky. L. Rep. 424, 31 S. W. 482; Britton v. Railroad, 47 Minn. 340, 50 N. W. 231; Railroad v. Holcomb, 9 Ind. App. 211, 36 N. E. 39; Amato v. Railroad, 46 Fed. 464; Schultz v. Railroad, 57 Minn. 274, 59 N. W. 192; Smith v. Atlantic Air Line Co., 132 N. C. 824, 44 S. E. 663; Railroad v. Craft, 16 C. C. A. 179, 69 Fed. 128; Mooney v. Belleville Stone Co., 39 L. R. A. 834; 4 Thomp. Neg. (2 Ed.), secs. 4067, 4167.

VALLIANT, P. J.—Plaintiff's husband was struck and killed by a street car of defendant and she brings this suit to recover damages.

At the trial the evidence for the plaintiff tended to prove as follows:

Michael Jordan, the plaintiff's husband, was in the service of the defendant corporation in the capacity of track repairer. Defendant was operating a double-track street railroad in Delmar avenue, which is a street running east and west. The space between the north rail of the south track and the south rail of the north track is five feet, eight or ten inches; the tracks

are four feet, ten inches between rails. The south track, on which east-bound cars were run, was undergoing repairs by a gang of five or six men under a foreman; plaintiff's husband was one of the gang. He was working on the north rail of the south track, standing north of that rail close to it, stooping down, shoveling sand, facing west. The cars were running over the tracks and were passing the point where the men were at work at intervals of six or seven minutes. There was evidence tending to show that under the rules of the company it was the duty of the foreman to keep a lookout for the cars and warn the men of their approach in time for them to get out of the way. On the occasion in question the foreman called out, "Look out, boys, cars coming both ways," whereupon all the men except Jordan and another stepped off to the south side of the south track, but Jordan and the other undertook to cross over to the north side of the north track, the other did so safely, but as Jordan stepped on the north track he was struck by a west-bound car and killed. Jordan stepped on the track within five or six feet of the car that struck him. After striking the man the car stopped within a car's length.

Thus far there was no material conflict in the testimony.

One of plaintiff's witnesses said that she did not hear the ringing of a gong of either car and thought she would have heard it if it had been rung, but she viewed the accident from inside her store; asked if she heard the foreman say, "Look out, cars coming both ways," she said she did not hear it as her door was shut. Her position was inside her store, behind the counter, and the door was shut. The only other eye-witness for plaintiff to the accident said he heard the gongs ringing on both cars as they approached the point of the accident. This witness estimated that at the time the foreman gave the warning to the men, "Look out," the east-bound car was about forty feet distant, and the

west-bound car about a hundred feet away; he said that Jordan was slow about getting out of the way, and that he stepped right in on the west-bound track in front of the car that struck him.

On the part of the defendant the testimony tended to prove as follows:

As the west-bound car was approaching the place where the men were at work there was a wagon in the street going in the same direction, and the motorman, apprehensive that the wagon might get on the track, began ringing the gong as a warning to the driver and kept up the ringing until he came nearly up to where the men were at work, and when he got within from six to ten feet of them Jordan and the other man jumped right across in front of the car, the other being a few feet further west escaped, but Jordan was struck and killed; as soon as the motorman saw the men jump towards the track he reversed his power and stopped the car within thirty feet. The car was running at the rate of six to eight miles an hour. At the moment of the accident the east-bound car was still 150 or 200 feet west of the point of collision.

At the time the foreman gave the warning, "Look out, boys, cars coming both ways," the west-bound car was 120 to 150 feet distant, and the car east-bound was 250 feet away.

The plaintiff in her petition states two causes of action, one under section 2864, the other under section 2865, Revised Statutes 1899. For the first she declares that the defendant's servants in running the cars east and west at that point, negligently failed to sound the gongs to give warning of the approach of the cars, to slacken the speed, to keep the cars under control as they approached the place where her husband was at work, and to stop the cars in time to avoid the injury.

For her second cause of action she declares that the foreman representing the master was negligent in

that he failed to give the warning of the approaching cars in time to enable her husband to escape.

These two causes of action were stated in one count. The defendant answered by general denial and a plea of contributory negligence.

There was a verdict for the plaintiff for $5,000, and judgment accordingly, from which the defendant appeals.

I. After the jury had been empaneled, the pleadings read and the plaintiff had called her first witness, the defendant made an oral motion to require the plaintiff to elect upon which of the two causes of action she would stand, which motion the court overruled and defendant excepted. That ruling is assigned as error.

In discussing this subject counsel in their briefs have cited several decisions of this court to support their respective views. On examining the cases cited we find that they relate to different subjects, or perhaps it would be more correct to say, different phases of this subject. There is a case in which are united in one count, as constituting one cause of action, several acts of negligence of the same general character, all of which might be true and either one of which, or all together, might have caused the injury, and another case in which are set forth in one count as constituting one cause of action two or more acts of negligence that are inconsistent and contradictory of each other, and another case where two or more causes of action are improperly united in one petition though stated in separate counts, and again a case where two or more causes of action that might properly be united in one petition are improperly blended in one count. What is said by the court in either of those cases is said in reference to the facts of that case and is not applicable to the different facts in the other cases.

In an action sounding in damages for an injury caused by the negligence of defendant's servants, the

plaintiff may state in one count as constituting his one cause of action as many acts of negligence not inconsistent with each other as he deems proper, provided either one makes out his case or all together do so, and in such case if there is evidence to sustain each and every charge of negligence the plaintiff has a right to go to the country on each or all.  But if in such case the acts of negligence charged are inconsistent with each other, that is, if both cannot be true, if the proof of one disproves the other, the plaintiff may be required by motion even on the eve of trial to elect on which he will stand.  [Behen v. Railroad, 186 Mo. 430.]   In such case the defect in the petition is not waived by filing an answer to the merits, because the contradictory statements destroy each other and destroy the life of the petition; until one or the other is withdrawn, the petition is self-destructive and it states no cause of action.  [White v. Railroad, *infra,* p. 539.]

Where two causes of action of the kinds which the statute (sec. 593, R. S. 1899) does not authorize to be united in one petition are so united, though in separate counts, the defect is reached by demurrer.  [Sec. 598, R. S. 1899.]  But in Southworth Co. v. Lamb, 82 Mo. 242, in which there was an *action ex contractu* and one *ex delicto* improperly united in one petition, to which the defendant had filed answer and had gone to trial, the trial court, at the close of the plaintiff's evidence, sustained a motion of defendant to require the plaintiff to elect on which of the two causes of action he would stand and that ruling was sustained by this court.

Where two causes of action that may by authority of the statute (sec. 593, R. S. 1899) be united in one petition, each in a separate count, are improperly blended in one count the defect is reached by a motion to require the plaintiff to elect one and to strike out the other.   [Otis v. Bank, 35 Mo. 128; State to use v. Davis, Id. 406; Christal v. Craig, 80 Mo. 367; State ex

rel. v. Tittmann, 103 Mo. 553, l. c. 569; Childs v. Rail-road, 117 Mo. 414.] And in Paddock v. Somes, 102 Mo. 226, l. c. 235, it was held that by pleading to the merits the defendant waived the defect. To the same effect it was held in Christal v. Craig, *supra*. The rule laid down in those cases is that when a defendant pleads to the merits he waives all mere informality and ir-regularity in the petition and can thereafter object to it only on the ground that it states no cause of action or that the court has no jurisdiction of it.

The case at bar is a case of the kind last mentioned, that is, the plaintiff has blended in one count two causes of action which, if each had been stated in a separate count, she might properly have united in one petition, but defendant filed its answer pleading to the merits and therefore waived the irregularity of the plaintiff's pleading. When the trial began defendant made an oral motion to require the plaintiff to elect, but the motion came too late and was properly overruled.

We have said that the petition contained two caus-es of action; that appears from the fact that each is created by a separate section of the statute, each found-ed on its own separate conditions and each calling for its own measure of damages.

In Brownell v. Railroad, 47 Mo. 239, the plaintiff sued to recover damages for the death of her husband and, like the plaintiff in the case at bar, she counted on both sections of the statute; the court said *arguendo* there was really but one cause of action though it was stated in two forms, in two counts. What the court meant by that language was that there was really but one wrong for which the plaintiff was seeking redress, that was the death of her husband. Measured by the rules of pleading there were in that case, as in this, two causes of action, but as they were both founded on the same *injuria* there could be but one recovery, and in that sense there was but one cause of action.

The only thing the defendant waived, however, by

pleading to the merits was the informality of the petition; the defendant still had the right to require the two causes of action to be distinguished when the time came to instruct the jury. The pleadings are for the court to interpret and untangle; the jury have nothing to do with the pleadings, but are to look to the instructions for the issues they are to try.

We hold that the court did not err in overruling the oral motion to elect, interposed, as it was, after the trial had begun.

II. At the close of the plaintiff's evidence the defendant asked an instruction looking to a nonsuit, which the court refused. That ruling is assigned as error.

The plaintiff does not now contend that there was any evidence tending to support her alleged cause of action under section 2864, founded on the alleged negligence of the motormen in charge of the cars, no instruction was given at her request authorizing a verdict in her favor on that issue, but she does claim that there was evidence tending to support the allegation of negligence on the part of the foreman in failing to give warning of the approach of the cars in due time.

The only witness for the plaintiff on that point said that when the foreman hallooed, ''Look out, boys, cars coming both ways,'' the east-bound car was forty feet west of the point of the accident, and the west-bound car one hundred feet. That is all there was in the evidence on which to found the charge of negligence on the part of the foreman.

The same witness said that the men were working on the south track, that when the foreman said, ''Look out,'' all the men except the plaintiff's husband and one other stepped to the south side of the south track out of the way of the east-coming car, but that when the plaintiff's husband attempted to get out of the way he went north and stepped on the north track within five or six feet of the west-bound car; the other man who

took the same course was a few feet further west and he escaped. This witness's testimony is in a little confusion; he first said that Jordan when working was standing inside of the south track and that he attempted to get out of the way as quickly as he could, and afterwards said that Jordan was standing outside the south track close to the north rail of that track and that he seemed stupid and slow about trying to get out of the way. This witness is silent as to where the east-bound car was at the instant of the accident. The only other eye-witness for plaintiff seems to say that the east-bound car had passed the point of the accident before it occurred. The accident occurred just in front of this witness's store; she saw it through her window, standing behind her counter. She saw the east-bound car pass and she said it had passed clear of her place before Jordan started to go north. And that must have been true if the plaintiff's other eye-witness above mentioned was correct in his estimate of the respective distances of the two cars at the time the foreman gave the warning. There was no evidence that one car was going faster than the other or that there was anything unusual about the speed of either. The east-bound car, according to this witness, had only forty feet to go to reach the point of the accident, while the west-bound car had a hundred feet to travel. If the plaintiff's witnesses were correct the east-bound car had passed, and therefore Jordan was in no danger from it, and had no occasion to go on the north track.

But it is probable the plaintiff's witnesses were mistaken on that point; the woman was not in a very good position to see what occurred, and the man was by no means clear in his statements.

In passing on an instruction in the nature of a demurrer to the evidence, ordinarily the plaintiff's evidence alone should be considered, but if the defendant's evidence aids the plaintiff's case it also is to be taken into account. In one respect at least the defendant's

evidence does favor the plaintiff's case, that is, it shows that the east-bound car had not passed when Jordan started to get out of the way and therefore was a danger to be avoided, but it also shows that it was far enough away to have afforded the man ample time to avoid it. According to defendant's testimony the east-bound car was 200 to 250 feet distant when the foreman gave the warning, and the west-bound car was 100 to 150 feet away. The motorman and conductor of the east-bound car, standing on their car, saw the accident as they approached and stopped their car 50 to 100 feet west of the point of the accident. In their estimates of distances the witnesses on either side were liable honestly to make mistakes, but when the witnesses for defendant testified that they saw the accident, standing on the east-bound car, as it approached the scene, and that that car stopped west of the point of the accident, there is no room for honest mistake; the only ground for disregarding their evidence would be that they wilfully testified falsely. So far as this record shows there is no ground for such an imputation against these witnesses, but that is a question first for the jury and second for the trial judge.

The only point in reference to which there was any material conflict between the testimony for the plaintiff and that for defendant was the distance of the east-bound car when the foreman gave the warning; for the plaintiff there was the testimony of only one witness who undertook to state the distance and he gave it as 40 feet, the defendant's witnesses estimated it at 200 to 250 feet. If that car was only forty feet distant when the foreman gave the warning then there was a question of fact for the jury as to whether the warning was given in due time, but that is all there was in the case that authorized a submission of it to the jury.

III. The petition, as we have already observed, stated a cause of action founded on the alleged negli-

gence of the defendant's servants in charge of the two
cars, and another cause of action founded on the alleg-
ed negligence of the foreman.    When the testimony all
closed the plaintiff apparently abandoned her first cause
of action and asked instructions relating only to the
cause of action based on the alleged negligence of the
foreman.

But during the introduction of evidence the plain-
tiff in the examination of her own witnesses and the
cross-examination of defendant's witnesses tried to
show that the motormen were negligent, and did suc-
ceed in so far that one of her witnesses did testify that
she heard no gong and thought she would have heard
it if one had sounded.    The defendant asked an in-
struction number 6 to the effect that if the jury should
find certain facts, which showed that the defendant's
servants in running the cars were not negligent, the
verdict should be for the defendant.    The court re-
fused the instruction as asked, but modified it so as
to make it say that if the jury should find those facts
they should find for the defendant on that issue, and
gave it in that form.    Defendant complains of that
action of the court, and we think justly so.

The theory of the defendant's refused instruction
was that if the motormen were not negligent the ver-
dict should be for the defendant.    Whether that in-
struction was correct or not defendant was responsi-
ble for it only in the form in which it was asked; ask-
ing it in that form was not equivalent to asking the
court to submit the question of negligence of the motor-
man to the jury unless with the consequence stated in
the instruction as requested.    When modified it be-
came the court's instruction for which defendant was
not responsible.    The instruction as modified and giv-
en submitted the question of negligence of the motor-
men to the jury when there was no evidence to sup-
port it.    True the modified instruction directed a ver-
dict for defendant on that issue on the finding of cer-

tain facts and there was no instruction for the plaintiff on that issue, but the instruction as given had the effect to give the jury to understand that that issue was in the case and was therefore misleading. If after refusing the instruction as asked by defendant the court was of the opinion that anything should be said to the jury on the subject at all, it should have instructed the jury that there was no evidence to sustain the plaintiff's allegations of negligence on the part of the defendant's servants operating the cars.

If the court had given no instruction on that issue at all, the defendant, not having asked an instruction eliminating it from the case, would have no right to complain, but when the court undertook to instruct on the issue it was error not to have eliminated it entirely.

For the error in giving the instruction so modified the judgment is reversed and the cause remanded for trial *de novo*.

All concur, except *Woodson, J.,* not sitting.