JOSEPH SPAULDING, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. PASSENGER CARRIERS: Pleading: Acts of Negligence. A petition is analyzed and found to contain two separate acts of negligence, to-wit: The sudden starting of the car on which the passenger was approaching a seat so as to swing him out of the car whereby he was struck by a passing car; and the further act that he was so struck by reason of the negligent conduct of the employees in charge of the latter car. *Held*, further, that said acts of negligence are not contradictory and that a recovery may be had upon both or either one as the evidence may show.

2. ———: ———: ———: Instruction. The criticism of an instruction is overruled, since the consideration of all the other acts of negligence than the one mentioned in the petition had been withdrawn from the jury.

3. ———: Negligence: Instruction: Reasonable Care. Nor is an instruction necessarily objectionable because of the use of the words "reasonable care" instead of "ordinary care."

4. ———: ———: ———: Prudent Person: Common Error. A criticism of an instruction using "a prudent person" instead of an "ordinarily prudent person" is held not well taken, since the appellant by its own instructions referred to and adopted said expressions.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*John H. Lucas* and *Halbert H. McCluer* for appellant.

(1) The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence. Roscoe v. Railway, 202 Mo. 588; Spiro v. Transit Co., 102 Mo. App. 262; Jordan v. Transit Co., 202 Mo. 426; Grout v. Electric Co., 102 S. W. 1028; Haley v. Transit Co., 179 Mo. 35; Klockenbrink v. Railroad, 81 Mo. App. 357; Railway v. Trego (Texas), 101 S. W. 256. (2) The court erred in giving plaintiff's instruction numbered 1. Orcutt v. Building Co., 201 Mo. 424; McGrath v. Railroad, 179 Mo. 97; Roscoe v. Railway, 202 Mo. 588, and cases cited. (3) The court erred in giving plaintiff's *instruction numbered 2.*

*Jas. C. Rieger* for respondent.

(1) The court committed no error in refusing defendant's instruction in the nature of a demurrer to the evidence. (2) If there is any substantial evidence at all to sustain plaintiff's petition a demurrer to the evidence should not be sustained. Ilges v. Transit Co., 102 Mo. App. 529; Mathew v. Railway, 115 Mo. App. 468; Gutridge v. Railway,105 Mo.520; Spohn v.Railway, 87 Mo. 84; Burger v. Railway, 112 Mo. 248; Campbell v. Railway, 175 Mo. 161. (3) It is well-settled law that the appellate court will not allow litigants to try appeal cases on a theory different from that on which they were tried in the lower court. Hamilton v. Railway, 123 Mo. App. 628, and cases cited. (4) The court committed no error in giving plaintiff's instruction numbered 1. This instruction is approved in Dougherty v. Railway, 97 Mo. 655, and upheld in Phippin v. Railway, 196 Mo. 321. (5) The court committed no error in giving plaintiff's instruction numbered 2.

ELLISON, J.—Plaintiff was knocked off of one of defendant's street cable cars and alleges that he was severely injured, through the negligence of defendant's servants. He recovered judgment in the trial court.

As much of the contention between the parties arises on the petition we set out that part of it containing the charge of negligence: "That said plaintiff, while said car was standing still, undertook to board or enter, from the north, said grip car provided by defendant for passengers; that while in the act of entering and reaching a seat on said grip car, the gripman or motorman suddenly and without any notice or warning, applied the grip to the cable, when he knew or by the exercise of reasonable care and diligence, might have known that plaintiff was in the act of boarding said car and was in a position of imminent peril, and thereby suddenly put said car in quick motion before said plaintiff had the time or an opportunity to become seated, throwing plaintiff out of the approach to the seat, so that his body projected out beyond the side of said grip car; that thereupon this plaintiff was struck by a car approaching from the east and knocked to the ground; that the act of said gripman or motorman in handling and operating the car upon which plaintiff entered, in starting said car in the manner aforesaid before plaintiff had had the time and an opportunity to become seated, was carelessness and negligence on the part of defendant, and the act of the gripman and conductor in charge of and operating the said car, which approached from the east and struck plaintiff, knocking him to the ground, was also an act of carelessness and negligence on the part of said defendant, by reason of the fact that defendant's agents and servants saw or by the exercise of reasonable care could have seen plaintiff on the car approaching from the west, and that he was in a position of imminent peril,

129 App—39

in time to have stopped its said car before striking him and given him the time and an opportunity to become seated and protected from being run upon and struck by its said west bound car; that by reason of said carelessness and negligence as above alleged, resulting in throwing plaintiff out of the car he had attempted to board and become a passenger on and in knocking plaintiff from said grip car to the ground, said plaintiff received and sustained severe and serious injuries to his body and nervous system, to-wit:"

The trial court concluded that there was no evidence of negligence on the part of the servants of the west-bound car which knocked plaintiff off the car he had boarded and so instructed the jury. The defendant insists that the only case stated in the petition is that made by the charge of negligence on the part of those in control of the west-bound car, that is to say, the humanitarian doctrine, and that when that was taken out, nothing was left. It is said that the negligent act of the servants in charge of the west-bound car was the proximate cause of the injury and that the allegation of a negligent act in the sudden starting of the east-bound car, causing plaintiff to swing out from the car "was merely the statement of the manner in which plaintiff was placed in a position of peril." Defendant says that a cause of action only arose if the gripman of the west-bound car discovered plaintiff's peril in time to have avoided striking him. Defendant further says if the act of placing one's self in a situation where he is injured by the negligent act of another could be said to be one of the producing causes of the injury, the injured party's act in putting himself in such position would prevent his recovery.

Defendant then states that the question in such cases is, was there an unbroken connection between the wrongful acts and the injury, or was there some new and independent cause intervening between the wrong

and the injury? And further says that it cannot be said that one's negligence is the proximate cause of an injury if, notwithstanding such negligence, the injury could only have happened by independent intervening negligence.

In support of these suggestions defendant cites Grout v. Railway, 125 Mo. App. 552, Klockenbrink v. Railway, 81 Mo. App. 357 and Haley v. Transit Co., 179 Mo. 35. And in further support defendant makes the following quotation from San Antonio Railway Company v. Trego, 101 S. W. 256 (Texas), viz:

"Where several acts are charged as negligence, and it is apparent, either from the allegations of the petition or from the evidence adduced upon the trial, that one of them, disconnected from the others, could not in and of itself have been the direct or proximate cause of the plaintiff's injuries, its submission by the court in its charge as a ground for recovery is unauthorized, and constitutes such an error as is fatal to a judgment resting upon a verdict which may have been returned in response to such charge."

In our opinion these suggestions, aided as they are, by the authorities cited in support of them, do not fairly apply to the case stated in the petition. There are two separate allegations of negligence. One in starting the car so suddenly that plaintiff was thrown outwardly so that he was struck by a car going in the other direction on the other track, knocked to the ground and injured. That part of the petition states a complete cause of action without connection with, or aid from, any other part. Then follows another allegation of negligence on the part of the servants of the west-bound car in not stopping such car before it struck him. There is no reason why this latter part may not have been omitted from the petition, or, if not proved, may not have been ignored. A complete and distinct cause of action had already been stated. The most that can be

said of the petition is that it charges two acts of negligence, and it may do that, provided they are not contradictory. [Jordan v. Transit Company, 202 Mo. 418.] And when more than one act is stated, but one need be proven, provided it be sufficient to sustain the case. [Gannon v. Gas Co., 145 Mo. 511.]

The two acts of negligence here charged are not contradictory. It is a harmonious statement to say that the defendant's servants negligently started the car so as to cause plaintiff to swing outside and be struck by a passing car; and that in such circumstances, he was struck by the passing car through the negligence of those operating that car. Both statements say he was struck by a passing car, the latter only adds that the striking was negligence, since it might have been avoided. There is nothing contradictory in stating that plaintiff was negligently forced to swing out from the car so that he was struck by a passing car, and also that the servants of such passing car might have avoided striking him.

The objection to plaintiff's first instruction has been covered in great part by what has been written. The latter part of the instruction immediately following a statement of defendant's liability to damages, reads, unless the jury further believe from the evidence that the defendant's servants in managing the cars were not guilty of any negligence or want of care in causing the injury. In other words, the direction was, that if defendant had been free from negligence in handling the cars there could be no recovery. The only objection we can discover is it might be said that the jury could infer therefrom that if defendant had been guilty of any negligence whether that charged or other, that there was a liability. The only negligence referred to in the management of cars was that in suddenly starting the car which plaintiff was on, and in failing to stop the passing car so as to avoid striking plaintiff. The latter

element was specifically withdrawn by defendant's instruction numbered 4, so that there was but one act of negligence left in the case and the jury could not have been misled. Another part of the instruction makes use of the word "reasonable care" instead of "ordinary care." The point is quite technical and we think ought not to be held to invalidate the judgment, especially since like expressions have frequently been used in instructions in other cases. [Dougherty v. Railway, 97 Mo. 655; Phippin v. Railway, 196 Mo. 321, 337.]

Objection is also taken to the second instruction for plaintiff wherein in defining negligence it stated it to be the want of such care and diligence "as a prudent person would exercise;" instead of "an ordinarily" prudent person as defendant insists is proper. That is the only instruction in the case, on either side, defining negligence, and it is referred to by defendant in its instructions numbered 2 and 8, as giving the definition of negligence and was thereby adopted by defendant. The point is not well taken.

An examination of the entire case leads us to the conclusion that no error substantially affecting the merits exists and hence we affirm the judgment. All concur.

