ANNA KIRN, Appellant, v. FORD F. HARVEY, et al., Respondents.

Kansas City Court of Appeals, December 2, 1918.

NEGLIGENCE: Pleading: Specific Negligence. Where the specific negligence charged in a petition for personal injury consists of several combined, or concurrent acts, without either of which the injury would not have happened, it is error to submit to the jury less than all of such acts and direct a verdict on those submitted.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

AFFIRMED.

*Reinhardt & Schibsby* for appellant.

200 M. A.—28

*Clyde Taylor, R. J. Higgins* and *Charles A. Stratton* for respondents.

ELLISON, P. J.—This action is for personal injury. Plaintiff obtained a verdict in the trial court. That court afterwards granted a new trial on the ground of error in an instruction.

It was alleged in the petition that plaintiff was a passenger on one of defendants cars and that after signaling for the car to stop, she arose from her seat and went to the rear platform for the purpose of alighting, and was thrown to the street and injured.

There was an allegation of general negligence which need not be considered since it was followed by a charge of specific negligence. The specific negligence consists of two connected acts, without either of which she would not have fallen from the car and would not have been injured. The allegation was in these words: "Plaintiff states that her said injuries are a direct and proximate result of the defendants' negligence in failing to keep said track and roadbed in proper condition and failing to keep said doors between said platform and steps closed while said car was in motion." If we may say that one of these acts was more the cause of her injury than another it was the failure to keep the vestibule doors closed. For, preceding these specific allegations we find this: "That said car upon which the plaintiff was a passenger was equipped with doors between the platform and the steps leading to the street, but that defendant negligently failed to keep said doors closed while the said car was in motion; that it had been the custom and general practice of passengers on defendants cars after having given the signal to stop, to step upon the platform of the car preparatory to alighting when the car came to a full stop, which custom and practice was well known to, and encouraged by, the defendant. That the plaintiff following the usual and

ordinary custom and practice aforesaid, stepped upon the platform preparatory to alighting, and while plaintiff was standing on said platform and while the car was still in motion, the said car gave an unusual and violent lurch, throwing the plaintiff violently to the pavement and caused the injuries hereinafter complained of.''

But plaintiff's first instruction, purporting to cover the whole case and direct a verdict, omits entirely to submit the hypothesis of the open vestibule doors; that, as we have just said, being the principal feature of the negligence charged to have caused the injury and without which plaintiff could not have been thrown to the street.    Therefore the instruction did not submit the case pleaded.    This was fatal error.    [State ex rel. v. Ellison, 270 Mo. 645, 653.]

It is true that a plaintiff may charge several separate specific acts of negligence in his petition and need only prove one of them, if that one is sufficient to constitute a cause of action.    [Jordon v. Transit Co., 202 Mo. 418, 426; Spaulding v. Street Ry. Co., 129 Mo. App. 607, 612.]    But that is not what was done by the plaintiff in the present case.    She charges separate acts of negligence, viz., the rough track and the open vestibule doors, neither, alone, being a cause of action, in the circumstances stated in the petition, since neither the rough track, nor the open doors alone, would have caused her injury.    It was necessary that each of the acts should occur in order to throw her from the car. The lurch of the car on the rough track would have been harmless if the doors had been closed; and the open doors would have been harmless if the car had not lurched on the rough track.    The combined, or concurring, acts of negligence were necessary to make a case.    [Wormsdorf v. Railway Co., 75 Mich. 472, 474; Western Railway v. McPherson, 146 Ala. 427, 433; Flynn v. Staples, 27 L. R. A. (N. S.) 792.]    There was evidence tending to prove them but each should have been submitted to the jury.

The case of Wellmeyer v. St. Louis Transit Co., 198 Mo. 527, 539, has no application to the case before us.

The trial court properly granted a new trial and the judgment will be affirmed. All concur.