BOYD GILES, Appellant, v. MICHIGAN CENTRAL RAILROAD COMPANY.

Division Two, June 3, 1919.

1. **NEGLIGENCE: Two Acts Alleged: Proof of One.** Where two acts are so pleaded as to form concurrent acts of negligence, namely, that the door of a vestibule to a car on which plaintiff was a passenger was left open and that he was by a jerk in the train thrown through the open vestibule to the ground, proof of both is necessary to a recovery; and if there is no proof of the jerk, there can be no recovery by plaintiff of damages for his personal injuries.

2. ————: **No Possible Recovery: Error in Instructions.** If under plaintiff's allegations and proof he is not entitled to recover and the verdict is for defendant, it is immaterial whether the instructions given or asked or refused were right or wrong.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen*, Judge.

AFFIRMED.

*Sterling P. Reynolds* for appellant.

(1) No one saw this accident and plaintiff does not remember a thing about how it happened. The evidence shows beyond a question that the vestibule door of this car was and had been open. The law under such circumstances presumes the plaintiff to have been using ordinary care for his own safety. Wack v. Railroad, 175 Mo. App. 111; Buesching v. Gas Light Company, 73 Mo. 319; Dunlap v. Chemical Works, 159 Mo. App. 49; Johnson v. Railroad, 150 Mo. App. 304. (2) Instruction No. 5 given for the defendant is not the law in this State. The mere fact that plaintiff fell from a vestibule train will authorize a recovery. (3) These vestibule doors are so built that when properly closed they serve as a guardrail or handle for passengers. Wagoner v. Railroad, 118 Mo. App. 239; Johnson v. Railroad, 150 Mo. App. 304; Daily v. Prior, 197 Mo. App. 583; Seigel v. Railroad, 186 Mo. App. 645.

*Culver & Phillip* for respondent.

(1) If the court should have sustained a demurrer to the evidence, errors in instructions cannot be urged as grounds for reversing a verdict for the defendant. Carr v. Mo. Pac. Ry. Co., 195 Mo. 224; Moore v. Railroad, 176 Mo. 545; Plummer v. Ford, 208 S. W. (Mo. App.) 490. (2) The demurrer should have been given. The specific negligence charged was that the defendant's employees negligently gave the train a quick jerk which threw the plaintiff through a vestibule door that the employees negligently permitted to be open, and that his fall was caused by the negligence of the defendant in giving the train a quick jerk and in permitting the door to be open. Where two connected acts of negligence are charged either of which without the other would not, under the allegations, produce the injury,

both must be provided; and having failed to prove that he was thrown through the door by any jerk of the train, plaintiff failed to make a case. Kirn v. Harvey, 208 S. W. 479.

WALKER, J.—In a suit for personal injuries brought by plaintiff against defendant, in the Circuit Court of Buchanan County, a trial resulted in a verdict for defendant, from which plaintiff appeals.

On December 25, 1913, plaintiff was a passenger on one of defendant's solid vestibule trains, *en route* from New York City to Chicago. When the train reached the latter city, at about the 22nd Street crossing, the plaintiff, it is conceded, there being no eye-witness to the accident, fell through an open vestibule door and was injured. Soon thereafter he was found lying in an unconscious condition near the track by employees of the defendant. He was taken to a hospital in Chicago, and upon an examination by the attendant physician and the surgeon employed by defendant, it was discovered that he had a bruise on the right temporal region of his head. His blood pressure was taken, showing it to be above normal. A subsequent examination a few hours later showed a further increase in blood pressure. He remained unconscious during the night, and his blood pressure the next morning being greater, it was decided that there was such an injury to the brain as to render an operation necessary. In the meantime he had aroused from his stupor and became wildly delirious. An anaesthetic was administered and an operation performed in which that portion of the skull underneath the bruise over the right temporal region was trephined and a portion of the bone removed. Other steps were taken in their order necessary to leave the wound in a condition to heal. Coming out from under the influence of the anaesthetic he again became violent, and it was necessary to administer opiates and place him under physical restraint to prevent his removing the bandages from the wound and inflicting

injury on himself. After about a week he regained his normal mental condition, talked rationally, and recognized his friends. The wound healed without infection, and after about two weeks from the date..of the injury he left the hospital in seemingly good health.

The conclusions of experts as to the probable effect of the injury were widely variant, as is not infrequent in this character of testimony; at best they were problematical, or of little probative force. The fact appears, however, more potent than speculation based on assumptions of fact, that since the plaintiff's recovery he has been pursuing with satisfaction to his employers his former vocation, that of caretaker in the shipment of live poultry. His principal contention is that he suffers from a loss of memory, and that his left knee is partially paralyzed, as a result of the injury. His own testimony, as preserved in the record, does not give color to this contention.

The petition, after the usual, formal and necessary allegations in a pleading of this character, the sufficiency of none of which is questioned, avers, in effect, that while plaintiff was a passenger on defendant's solid vestibuled train, with a knowledge on his part as well as that of the agents and servants of the defendant, of the presence, use and purpose of the vestibules connecting the cars, and that they should remain closed except to admit of the ingress and egress of passengers at stations, the defendant's agents and servants negligently permitted the entrance to the vestibule of the coach on which plaintiff was riding as a passenger, and that of the adjoining coach, to carelessly and negligently remain open while the train was in motion, without the knowledge of plaintiff; and while he was in the exercise of ordinary care in going from one coach to another, that said train gave a quick jerk and plaintiff was thrown through the open vestibule to the ground and permanently injured. The accident and plaintiff's injury are more particularly pleaded as follows: "That in said fall and by reason thereof caused by the negli-

gence of the defendants in permitting the vestibule to be open and the negligence and carelessness of the defendants' servants in charge of said train in causing the said train to be jerked, plaintiff was thrown to the ground from said train in a violent and dangerous manner, his skull mashed and fractured, his head seriously and permanently injured and a hole torn into his skull; that he received a cerebral injury; that on account of said cerebral injury his left knee is partially paralyzed and will continue to be for the balance of his life; that the cerebral injury received by him is permanent and will never heal or cure; that by reason of said injury caused by the negligence of defendant's agents and servants aforesaid, he has suffered great bodily pain and mental anguish and will continue to suffer great bodily pain and mental anguish the remainder of his life.

"Wherefore the premises considered, the plaintiff prays judgment against the defendants for the sum of twenty-five thousand dollars and for his costs herein expended."

The answer was a general denial.

I. The petition, as the quoted portion of same discloses, charged two acts of negligence: the open entrance or door to the vestibule and a sudden jerk in the car. These were so pleaded as to form connected facts, the proof of both of which was necessary to a recovery. While separate specific acts of negligence may be charged and a recovery had upon proof of one, if that one is sufficient to constitute a cause of action (Jordan v. Transit Co., 202 Mo. 418), that was not done in the instant case. The only proof of negligence adduced was as to the open door or entrance. In addition to the absence of any evidence of a jerk in the car, it is shown as inconsistent with the occurrence of such a fact that at the time the accident must have occurred the train was moving on a straight and level track at a speed of no more than fif-

teen miles per hour. Under this state of facts, with the additional one, that the vestibule was at the time well lighted, the conclusion cannot reasonably be drawn that the plaintiff upon stepping out of the car upon the vestibule was thrown therefrom and received the injuries for which he claims damages. Proof of the connected acts of negligence, therefore, as pleaded, was necessary to establish the liability of the defendant.

The facts here are parallel with those in the recent case of Kirn v. Harvey, 208 S. W. 479, in which ELLISON, P. J., speaking for the Kansas City Court of Appeals, said: "It was necessary that each of the acts should occur in order to throw her from the car. The lurch of the car on the rough track would have been harmless if the door had been closed; and the open door would have been harmless if the car had not lurched on the rough track. The combined, or concurring, acts of negligence were necessary to make a case."

The Supreme Court of Alabama, in Western Ry. Co. v. McPherson, 146 Ala. 427, held that where the negligence is alleged-as consisting of several acts, conjunctively averred, all must be proved before plaintiff is entitled to recover. A like ruling has been made by the Supreme Court of Michigan, in Wormsdorf v. Det. Ry. Co., 75 Mich. l. c. 477, where it is held that where the accident and resulting injury are alleged to have been caused by several negligent concurring acts and omissions, each must be proved to warrant a recovery.

II. Under the pleadings and in the absence of the proof noted in the case at bar, plaintiff was not entitled to recover. This being true, it is immaterial whether the instructions given or asked and refused were

Instructions.    right or wrong. [Quinn v. Met. St. Ry. Co., 218 Mo. 545; Carr v. Railroad, 195 Mo. 214.] If a record discloses that a plaintiff is not entitled to recover, the court should sustain a demurrer to the evidence. If, instead of doing so, the court submits the case to the jury and gives erroneous instructions, and the

jury finds for the defendant, the verdict will not be disturbed, because it is for the right party, as plaintiff, under no circumstances, would have been entitled to a verdict. [Moore v. Lindell Ry. Co., 176 Mo. l. c. 545; Woods v. Railway, 187 S. W. (Mo.) 11.]

From all of which it follows that the judgment should be affirmed, and it is so ordered. All concur.